NO. 07-05-0076-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 18, 2005

______________________________

STEVEN G. GIRDY, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-406,331; HON. CECIL G. PURYEAR, PRESIDING

_______________________________

Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Steven G. Girdy, was convicted of the offenses of aggravated kidnapping and aggravated assault arising out of the same event.  On appeal, he claims 1) the evidence was factually insufficient to support the conviction of aggravated kidnapping, 2)  the evidence was factually insufficient to support the jury finding that he did not voluntarily release the victim in a safe place, and 3) he was subjected to double jeopardy.  We affirm one judgment and reverse the other. 

Issue One - Factual Sufficiency
 
as to Intent

Appellant’s convictions arose out of a domestic dispute with his on-again/off-again girlfriend Deandra Smith.  During the incident in question, he forced Smith into her car by the use of a knife and drove her to a nearby field where he verbally abused her, threatened to kill her, and urinated upon her.  He ceased his conduct only when he observed the approach of a police vehicle; at that point, he forced Smith back into her car and headed out of the field. Appellant argues that the evidence is factually insufficient to show that he abducted Smith with the intent to inflict bodily injury upon her.  We overrule the issue.  

The standard by which we review factual sufficiency is well established.  We refer the parties to 
Zuniga v. State, 
144 S.W.3d 477 (Tex. Crim. App. 2004), 
Zuliani v. State, 
97 S.W.3d 589 (Tex. Crim. App. 2003), and 
King v. State, 
29 S.W.3d 556 (Tex. Crim. App. 2000) for its explanation.  

A person may commit aggravated kidnapping by intentionally or knowingly abducting another person with the intent to inflict bodily injury on her.  
Tex. Pen. Code Ann. 
§20.04(a)(4) (Vernon 2003).  Appellant argues that because he did not physically harm Smith during her abduction and he cooperated with police officers upon being stopped by them, the State failed to prove the intent to inflict bodily injury. 

While appellant may not have physically injured his captive, the ultimate issue is the 
intent
 to commit bodily injury.  
Phillips v. State, 
597 S.W.2d 929, 936 (Tex. Crim. App. 1980).  Furthermore, intent may be inferred from the acts, words, and conduct of the accused.  
Patrick v. State, 
906 S.W.2d 481, 487 (Tex. Crim. App. 1995); 
Beltran v. State, 
593 S.W.2d 688, 689 (Tex. Crim. App. 1980).  

Here, the evidence shows that 1) prior to forcing Smith into her car, appellant held a knife on her, her two children, and two other persons and threatened to kill them, 2) appellant was holding the knife while he forced Smith into her car by threatening to stab her with it, 3) just prior to Smith getting into the car, appellant poked her with the knife so she could feel its sharpness, 4) Smith believed he was going to inflict bodily injury on her, 5) after stopping the car in the field, appellant made Smith get on the ground, straddled her, told her she was “going to be in Heaven tonight” and that he would kill her, pointed the knife at her face, and then poked her with the knife, and 6) Smith believed appellant was going to kill her and leave her in the field.

      While this evidence may also support a finding that appellant committed aggravated kidnapping by terrorizing the person abducted, 
see
 Tex. Pen. Code Ann. 
§20.04(a)(5) (Vernon 2003), as appellant suggests, that does not make it insufficient to also support a finding that appellant intended to inflict bodily injury.  
See Ham v. State, 
855 S.W.2d 231, 233 (Tex. App.–Fort Worth 1993, no pet.) (finding that the same facts may support the commission of aggravated kidnapping by either terrorizing or intent to inflict bodily injury).  Finally, the jury was rationally justified in inferring from the evidence before it that appellant had the requisite intent to inflict bodily injury.  
Phillips v. State, 
597 S.W.2d at 936 (holding that evidence of an abduction accompanied by the words, “I am going to abduct and rape you,” would be enough to send the matter of aggravated kidnapping to the jury even if the defendant did not actually rape the victim).    

Issue Two - Voluntary Release in a Safe Place

Appellant next contends that the evidence is factually insufficient to show that he failed to voluntarily release Smith in a safe place.  We overrule the issue.

Upon a finding that the accused committed aggravated kidnapping, the defendant may reduce the seriousness of the offense by establishing
  that he voluntarily released the victim in a safe place.  
Tex. Pen. Code Ann. 
§20.04(d) (Vernon 2003).
  Upon the accused establishing, by a preponderance of the evidence, that the victim was voluntarily released, the offense becomes a second degree felony. 
 Id.
   

Appellant argues that he released Smith in a safe place because she was released in the same neighborhood where she lived, he had thrown the knife away before the vehicle stopped, police authorities were nearby at the time of release, there were no extreme weather conditions present, Smith was not harmed, the area was a residential one, Smith recognized the location, and he offered no resistance to the police officers.  Yet, appellant must prove that he 
voluntarily
 released Smith.  Moreover, that term excludes situations wherein the victim escaped or was rescued by police.  
Brown v. State, 
98 S.W.3d 180, 188 (Tex. Crim. App. 2003).  Here, when appellant observed a police vehicle, he forced Smith (with knife in hand) back into the car, made a u-turn in the field, and exited onto a public street.  Not until directed to stop by the police did he do so.  When asked by the officer what he had been doing in the field, he replied that they were “doing things that lovers do” and gave a false name to the officer.  Moreover, Smith remained in the vehicle until an officer removed her.  In sum, 
no evidence suggests that appellant would have released his victim had the officers not intervened.  Thus, the jury could have rationally determined that Smith was released due to her rescue by the officers and not the voluntary act of her captor.    

Issue Three - Double Jeopardy

In his last issue, appellant claims that his right to be free of double jeopardy was violated.  This purportedly occurred when he was convicted for both aggravated kidnapping and aggravated assault because one offense was a lesser-included offense of the other, given the allegations in the indictment and proof at trial.  We sustain the issue.  

Simply put, punishing a defendant for two crimes when one is the lesser-included offense of the other implicates double jeopardy.  
See Honeycutt v. State
, 82 S.W.3d 545, 548-49 (Tex. App.–San Antonio 2002, pet. ref’d) (finding that, under the facts there present, deadly conduct was a lesser-included offense of aggravated assault and the conviction of appellant for both violated double jeopardy); 
Roy v. State
, 76 S.W.3d 87, 98-99 (Tex. App.–Houston [14
th
 Dist.] 2002, no pet.) (finding that, under the facts there present, the unauthorized use of a motor vehicle was a lesser-included offense of aggravated robbery and convicting appellant of both violated double jeopardy).  Next, whether one crime is a lesser- included offense of another depends upon the offense charged, its statutory elements, and the surrounding facts and circumstances of the crimes.  
Campbell v. State
, 149 S.W.3d 149, 155-56 (Tex. Crim. App. 2004).  In other words, not only are the elements of the crime as described in the penal statute influential but so is the time and place of the crimes, the identity of the victim and accused in each, and the manner and means by which they were committed.  
Id.
 at 155; 
Roy v. State
, 76 S.W.3d at 98.

As previously mentioned, the State indicted, tried, and convicted appellant for both aggravated kidnapping and aggravated assault.  The former arises when, among other times, one intentionally or knowingly abducts another with the intent to inflict bodily injury.  
Tex. Pen. Code Ann.
 
§20.04(a) (Vernon 2003).  The latter occurs when one assaults another while using or exhibiting a deadly weapon.  
Id.
 § 22.02(a)(2) (Vernon Supp. 2004-05).  Next, abduct means to restrain with the intent to prevent one’s liberation by either secreting or holding him in a place where he is unlikely to be found or using or threatening to use deadly force.  
Mason v. State
, 905 S.W.2d 570, 574-75 (Tex. Crim. App. 1995), 
citing 
Tex. Pen. Code Ann.
 § 20.01(2) (Vernon Supp. 2004-05).  And, it was the second means of abducting that the State incorporated into the indictment at bar.  Moreover, to satisfy the allegations regarding deadly force and deadly weapon, the State proffered the same evidence, that being 
appellant’s use of the knife.

Next, the events at issue occurred during an unbroken sequence, 
i.e.
 appellant obtained the knife, threatened Smith and others with it, directed all present (including Smith) not to leave, demanded the car keys from Smith, forced Smith into the car with knife in hand,  drove the car to the lot, brandished the knife while removing her from the vehicle, and again placed it against her.  Though to convict him of assault the State need not have proved an abduction, in proving the abduction for purposes of kidnapping, the State satisfied the elements for aggravated assault.  In other words, the very same evidence used to prove the kidnapping proved the assault.  Indeed, it could be argued and the jury could have rationally concluded that Smith was both abducted (as that term is defined in 
Mason
 and the Penal Code) and assaulted the instant appellant brandished the knife and told all not to leave the house; that was the first instance of restraint via the use of a knife.

So, given the identity between the parties, time, manner, and means here involved and the elements of the crime as alleged in the indictment, the aggravated assault was indeed a lesser-included offense of the aggravated kidnapping.  
See Roberts v. State
, 795 S.W.2d 842, 844 (Tex. App.–Beaumont 1990, no pet.) (recognizing that aggravated assault may be a lesser-included offense of aggravated kidnapping).  And, the latter being a lesser-included offense of the former, it is presumed (absent a clear indication to the contrary) that the legislature did not intend to authorize the State to punish an accused for both.  
Hutchins v. State
, 992 S.W.2d 629, 632 (Tex. App.–Austin 1999, pet. ref’d, untimely filed); 
see also Parrish v. State
, 869 S.W.2d 352, 355 (Tex. Crim. App. 1994) (stating that “we are inclined to agree that the Double Jeopardy Clause does bar prosecution of any offense which . . . includes or is included within an offense for which the defendant has already been prosecuted . . . .”).  Moreover, we are directed to nothing clearly indicating that the legislature intended to permit punishment for both offenses at issue when one is the lesser-included offense of the other.  Thus, convicting appellant of both crimes violated double jeopardy, and we are obligated to vacate the conviction carrying the lesser punishment
, that being the conviction for aggravated assault.
(footnote: 1)  
Roy v. State
, 76 S.W.3d at 94-95.

Accordingly, we reverse that judgment manifesting appellant’s conviction for aggravated assault and render a judgment of acquittal and affirm that manifesting his conviction for aggravated kidnapping.

Brian Quinn 

          Chief Justice

Publish.

  

FOOTNOTES
1:
We reject the State’s contention that the claim was waived since appellant failed to raise it below.  Double jeopardy may be raised for the first time on appeal when the undisputed facts show the violation is apparent on the face of the record and the enforcement of the usual rules of procedural default serve no legitimate state interest.  
Gonzalez v. State
, 
 
8 S.W.3d 640, 643 (Tex. Crim. App. 2000).  Additionally, when a defendant is charged in the same instrument with two counts and one is a lesser-included offense of the other, the error is apparent on the face of the record.  
Honeycutt v. State
, 82 S.W.3d 545, 547 (Tex. App.–San Antonio 2002, pet. ref’d).  And, when the convictions were secured in the same court, on the same day, before the same judge, and on the same evidence, the enforcement of rules implicating the preservation of error serves no legitimate state interest.  
Id.