Steven G. GIRDY, Appellant,

v.

The STATE of Texas.

No. PD–1773–05.

Court of Criminal Appeals of Texas.

Nov. 1, 2006.

Rehearing Denied Jan. 24, 2007.

David Crook, Lubbock, for Appellant.

Jeffrey L. Van Horn, First. Asst. State's Atty., Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Appellant was charged in a single indictment with aggravated kidnapping, TEX. PENAL CODE, § 20.04, and aggravated assault, TEX. PENAL CODE, § 22.02(a)(2). Both charged offenses arose from the same event. The aggravated-kidnapping count alleged that appellant "did intentionally abduct [complainant] without the consent of the said [complainant], with intent to prevent the liberation of the said [complainant], by using and threatening to use deadly force on the said [complainant], and with intent to inflict bodily injury on her . . . ." The aggravated-assault count alleged that appellant "did then and there intentionally and knowingly threaten [complainant] with imminent bodily injury and did then and there use a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury. . . ." A jury convicted him of both offenses and sentenced him to fifty years in prison for the kidnapping and ten years in prison for the assault.[1]

On appeal, appellant asserted that his double-jeopardy rights under the Fifth Amendment of the U.S. Constitution were violated by his convictions for both aggravated kidnapping and aggravated assault because aggravated assault has been held to be a lesser-included offense of aggravated kidnapping and because there is no legislative intent to punish both offenses.

The court of appeals noted that the events at issue occurred during an unbroken sequence in which appellant obtained a knife, threatened the complainant and others with it, directed all present not to leave, demanded car keys from the complainant and forced her into the car with the knife in his hand, drove the car to a lot, brandished the knife while removing her from the car, and held the knife against her. *Girdy v. State*, 175 S.W.3d 877, 881–82 (Tex.App.-Amarillo, 2005). The court of appeals also noted that, while the state need not have proved an abduction in order to convict appellant of assault, in proving the abduction for purposes of kidnapping, the state had satisfied the elements for aggravated assault; thus "the very same evidence used to prove the kidnapping proved the assault." *Id.* at 882. The court of appeals held that, given the identity between the parties, time, manner and means involved, and the elements of the offense as alleged in the

1. In addition, the jury assessed fines of $10,000 for the aggravated kidnapping offense and $7,500 for the aggravated assault.

indictment, the aggravated assault was a lesser-included offense of the aggravated kidnapping. *Girdy,* 175 S.W.3d at 882. Without being directed to anything clearly indicating that the legislature intended to permit punishment for both of the offenses when one is a lesser-included offense of the other, the court of appeals concluded that convicting appellant of both crimes violated double jeopardy. *Id.* It therefore vacated the conviction with the lesser punishment, aggravated assault. *Id.*

This Court refused appellant's petition for discretionary review, but granted the State Prosecuting Attorney's three grounds for review, all of which challenge the court of appeals's reversal and judgment of acquittal on the aggravated-assault conviction.[2] Based on our review of the record and the SPA's pleadings, it appears that the SPA has confused the issues of notice and double jeopardy. We find that the court of appeals did not err in its decision, which was based on a double-jeopardy violation, and that, in this case, aggravated assault is a lesser-included offense of aggravated kidnapping. We therefore affirm.

As he did in the court of appeals, appellant argues that the determination as to whether one offense constitutes a lesser-included offense of another for the pur-pose of double-jeopardy analysis is made by examining the applicable law, the charging instrument, and the evidence at trial. He asserts that his conviction for aggravated assault violated the prohibition against double jeopardy because it "clearly amounted to a conviction for a lesser-included offense for aggravated kidnapping, since the elements of aggravated assault were wholly contained within aggravated kidnapping as charged."

The State Prosecuting Attorney (SPA) asserts that the court of appeals erroneously held "that a lesser offense was 'included' within a greater offense because the state's evidence proving the greater offense also showed actual commission by the defendant of the lesser offense[,]" and that this "erroneous interpretative standard fails to correctly apply the legislative provisions of [Tex.Code Crim. Proc., Article 37.09(1) ]."[3] The SPA argues that the offense of aggravated assault is not a lesser-included offense of aggravated kidnapping, as those offenses are alleged in the indictment, because "[p]roof of aggravated assault is not established by proof of the same or less than all the facts required to establish the commission of aggravated kidnapping." The SPA also contends that aggravated kidnapping contains an element not contained by aggravated assault, i.e. abducting another person, and asserts

---

**2.** "Did the Court of Appeals err by concluding that convictions for both aggravated kidnapping and aggravated assault were barred by principles of double jeopardy?"

"Did the Court of Appeals err by concluding that the offense of aggravated assault was a lesser-included offense of aggravated kidnapping, as those offenses were alleged?"

"Are the elements of the offense of aggravated assault by threatening to inflict imminent bodily injury and by using a deadly weapon included within the offense of aggravated kidnapping by using and threatening to use deadly force?"

**3.** Art. 37.09. Lesser Included Offense

An offense is a lesser included offense if:
(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission;
(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

that there are elements of aggravated assault that are unique to that offense and not included within aggravated kidnapping, such as the requirement that the actor threaten another with "imminent" bodily injury and use a deadly weapon, while "[a]ggravated kidnapping only requires that the actor threaten to use deadly force on the other person." This ignores the state's pleadings in this case, which clearly allege, using the exact language of the statute, that appellant committed the offense of aggravated kidnapping "by *using* and threatening to use deadly force." (Emphasis added.) The pleadings concerning aggravated assault allege that appellant "did then and there use a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury."

When the evidence at trial shows the use of deadly force by the use of a deadly weapon, we will not quibble over any arguable difference between the two terms; deadly force logically requires a deadly weapon, and display of a deadly weapon may, and frequently does, produce a threat of deadly force. Bodily injury may be anticipated as a logical consequence of the use of a deadly weapon. If the perpetrator has used deadly force to abduct the victim, the threat of bodily injury generally will involve "imminent" injury. The SPA further argues that the court of appeals erred when it looked to the evidence presented to see if the evidence supported

a finding that appellant had actually committed aggravated assault and that this Court has "erred by incorporating the evidence presented, or facts proven, into the Art. 37.09 inquiry." [4]

The issue addressed by the SPA's arguments is notice. A claim of inadequate notice (lack of knowledge of what convictions for lesser-included offenses might be had) is not the same as a claim of double jeopardy (in this case, multiple punishments for the same act). Appellant does not allege lack of notice, that is, he does not claim that he could not determine from the face of the indictment all possible lesser-included offenses of which he might be convicted. His position is that the two charged offenses, *as plead,* comprise a greater offense and one of its lesser-included offenses. Because the issue here is the relationship between two charged offenses, notice of all possible lesser-included offenses is not an issue.

■ While notice of the universe of theoretically possible lesser-included offenses must be given before trial, the evidence presented at trial cannot be ignored in determining whether a lesser offense is actually included within the proof of a greater offense; not all theoretically possible lesser-included offenses will be supported by the evidence presented at trial. For example, manslaughter is a lesser-included offense of murder under the lan-

---

4. Even if this proposition were supported by our case law, the state was required to prove

| Aggravated Kidnapping, §20.04 | the elements of the two charged offenses as alleged in its indictment. |
|---|---|
| (a)(4) intentionally or knowingly abducts (§20.01(2) "Abduct" means "restrain" with intent to prevent liberation by §20.01(2)(B) using and threatening to use deadly force) with intent to inflict bodily injury | Aggravated Assault §22.02 (not applicable) knowingly threaten use a deadly weapon (not applicable) with imminent bodily injury |

Rephrasing the three common elements, the state had to prove in each case that appellant used deadly force or a deadly weapon to threaten the complainant with bodily injury. Proof of additional elements was required in the kidnapping.

guage of Art. 37.09, yet the evidence presented at trial may support neither a jury-charge instruction nor a conviction for manslaughter. Evaluation of the testimony at trial is critical in such a circumstance.

■ In this case, aggravated assault is a lesser-included offense of aggravated kidnapping because it is "established by proof of the same or less than all the facts required to establish the commission of" the aggravated kidnapping. If as here, the prosecution, in proving the elements of one charged offense, also *necessarily* proves another charged offense, then that other offense is a lesser-included offense. In such a case, there must be clear legislative intent to punish the offenses separately. If no such intent is shown, multiple punishments for the criminal act that is the subject of the prosecution is barred. No such intent has been shown here.

Because we find no error, we overrule the SPA's grounds for review and affirm the judgment of the court of appeals.

KELLER, P.J., filed a concurring opinion.

KELLER, P.J., concurring.

I am uncertain what the Court means when it discusses "notice" and "the universe of theoretically possible lesser-included offenses."[1] My reading of the State's arguments is that the State is attempting to show that the two offenses contain different elements that would distinguish them under the test set forth in *Blockburger v. United States*.[2] In addition, I cannot agree with the Court's comments regarding the use of evidence at trial in determining the relationship between greater and lesser offenses for double jeopardy purposes. A lesser-included offense cannot be based upon a different instance of conduct than the instance of conduct upon which the State relies, and the evidence at trial is relevant to determining whether such is the case.[3] But once it is determined that the alleged offenses pertain to the same instance of conduct, whether they are related to each other in such a way as to be lesser and greater offenses for double jeopardy purposes is a question that does not depend in any form upon the evidence introduced at trial.[4] To hold otherwise is to resurrect the defunct and discredited "same evidence" test of *Grady v. Corbin*.[5] For this reason, I would not say, as the Court does, that double jeopardy analysis turns upon whether proving one offense necessarily proves another offense.[6] The inquiry, under *Blockburger*, is simply whether each charged offense requires proof of a fact the other does not.[7] As for the Court's manslaughter example, whether the evidence at a murder trial supports a manslaughter instruction depends on the second prong of the *Rousseau* test (whether some evidence supports the proposition that the defendant was guilty *only* of manslaughter),[8] which is an issue wholly unrelated to double jeopardy analysis.

1. *See* Court's op. at 318–19.

2. 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

3. *See Campbell v. State*, 149 S.W.3d 149 (Tex. Crim.App.2004)

4. *Ortega v. State*, 171 S.W.3d 895, 898 (Tex. Crim.App.2005).

5. *Id.* (discussing *Grady*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)).

6. *See* Court's op. at 319.

7. *Ortega*, 171 S.W.3d at 898–900.

8. *See Rousseau v. State*, 855 S.W.2d 666, 672 (Tex.Crim.App.1993).

I agree that the term "using deadly force" encompasses threatening imminent bodily injury and using a deadly weapon. Aggravated assault was therefore a lesser-included offense of aggravated kidnapping, as charged in this case. Therefore, though I do not join the Court's opinion, I concur in its judgment.