IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1773-05





STEVEN G. GIRDY, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


LUBBOCK COUNTY





 Johnson, J., delivered the opinion of the Court in which Meyers, Price,
Womack, Keasler, Hervey, Holcomb, and Cochran, JJ., joined. Keller, P.J., filed a
concurring opinion.


O P I N I O N



 Appellant was charged in a single indictment with aggravated kidnapping, Tex. Penal Code,
§20.04, and aggravated assault, Tex. Penal Code, § 22.02(a)(2). Both charged offenses arose from
the same event. The aggravated-kidnapping count alleged that appellant "did intentionally abduct
[complainant] without the consent of the said [complainant], with intent to prevent the liberation of
the said [complainant], by using and threatening to use deadly force on the said [complainant], and
with intent to inflict bodily injury on her. . .." The aggravated-assault count alleged that appellant
"did then and there intentionally and knowingly threaten [complainant] with imminent bodily injury
and did then and there use a deadly weapon, to-wit: a knife, that in the manner of its use and intended
use was capable of causing death and serious bodily injury . . .." A jury convicted him of both
offenses and sentenced him to fifty years in prison for the kidnapping and ten years in prison for the
assault. (1)

 On appeal, appellant asserted that his double-jeopardy rights under the Fifth Amendment of
the U.S. Constitution were violated by his convictions for both aggravated kidnapping and
aggravated assault because aggravated assault has been held to be a lesser-included offense of
aggravated kidnapping and because there is no legislative intent to punish both offenses.

 The court of appeals noted that the events at issue occurred during an unbroken sequence in
which appellant obtained a knife, threatened the complainant and others with it, directed all present
not to leave, demanded car keys from the complainant and forced her into the car with the knife in
his hand, drove the car to a lot, brandished the knife while removing her from the car, and held the
knife against her. Girdy, 175 S.W.3d 877, 881-82 (Tex. App.-Amarillo, 2005). The court of appeals
also noted that, while the state need not have proved an abduction in order to convict appellant of
assault, in proving the abduction for purposes of kidnapping, the state had satisfied the elements for
aggravated assault; thus "the very same evidence used to prove the kidnapping proved the assault." 
Id. at 882. The court of appeals held that, given the identity between the parties, time, manner and
means involved, and the elements of the offense as alleged in the indictment, the aggravated assault
was a lesser-included offense of the aggravated kidnapping. Girdy, 175 S.W.3d at 882. Without
being directed to anything clearly indicating that the legislature intended to permit punishment for
both of the offenses when one is a lesser-included offense of the other, the court of appeals concluded
that convicting appellant of both crimes violated double jeopardy. Id. It therefore vacated the
conviction with the lesser punishment, aggravated assault. Id.

 This Court refused appellant's petition for discretionary review, but granted the State
Prosecuting Attorney's three grounds for review, all of which challenge the court of appeals's reversal
and judgment of acquittal on the aggravated-assault conviction. (2) Based on our review of the record
and the SPA's pleadings, it appears that the SPA has confused the issues of notice and double
jeopardy. We find that the court of appeals did not err in its decision, which was based on a double-jeopardy violation, and that, in this case, aggravated assault is a lesser-included offense of aggravated
kidnapping. We therefore affirm.

 As he did in the court of appeals, appellant argues that the determination as to whether one
offense constitutes a lesser-included offense of another for the purpose of double-jeopardy analysis
is made by examining the applicable law, the charging instrument, and the evidence at trial. He
asserts that his conviction for aggravated assault violated the prohibition against double jeopardy
because it "clearly amounted to a conviction for a lesser-included offense for aggravated kidnapping,
since the elements of aggravated assault were wholly contained within aggravated kidnapping as
charged."

 The State Prosecuting Attorney (SPA) asserts that the court of appeals erroneously held "that
a lesser offense was 'included' within a greater offense because the state's evidence proving the
greater offense also showed actual commission by the defendant of the lesser offense[,]" and that this
"erroneous interpretative standard fails to correctly apply the legislative provisions of [Tex. Code
Crim. Proc., Article 37.09(1)]." (3) The SPA argues that the offense of aggravated assault is not a
lesser-included offense of aggravated kidnapping, as those offenses are alleged in the indictment,
because "[p]roof of aggravated assault is not established by proof of the same or less than all the facts
required to establish the commission of aggravated kidnapping." The SPA also contends that
aggravated kidnapping contains an element not contained by aggravated assault, i.e. abducting another
person, and asserts that there are elements of aggravated assault that are unique to that offense and
not included within aggravated kidnapping, such as the requirement that the actor threaten another
with "imminent" bodily injury and use a deadly weapon, while "[a]ggravated kidnapping only
requires that the actor threaten to use deadly force on the other person." This ignores the state's
pleadings in this case, which clearly allege, using the exact language of the statute, that appellant
committed the offense of aggravated kidnapping "by using and threatening to use deadly force." 
(Emphasis added.) The pleadings concerning aggravated assault allege that appellant "did then and
there use a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable
of causing death and serious bodily injury." 

 When the evidence at trial shows the use of deadly force by the use of a deadly weapon, we
will not quibble over any arguable difference between the two terms; deadly force logically requires
a deadly weapon, and display of a deadly weapon may, and frequently does, produce a threat of
deadly force. Bodily injury may be anticipated as a logical consequence of the use of a deadly
weapon. If the perpetrator has used deadly force to abduct the victim, the threat of bodily injury
generally will involve "imminent" injury. The SPA further argues that the court of appeals erred
when it looked to the evidence presented to see if the evidence supported a finding that appellant had
actually committed aggravated assault and that this Court has "erred by incorporating the evidence
presented, or facts proven, into the Art. 37.09 inquiry. (4) 

 The issue addressed by the SPA's arguments is notice. A claim of inadequate notice (lack of
knowledge of what convictions for lesser-included offenses might be had) is not the same as a claim
of double jeopardy (in this case, multiple punishments for the same act). Appellant does not allege
lack of notice, that is, he does not claim that he could not determine from the face of the indictment
all possible lesser-included offenses of which he might be convicted. His position is that the two
charged offenses, as plead, comprise a greater offense and one of its lesser-included offenses. 
Because the issue here is the relationship between two charged offenses, notice of all possible lesser-included offenses is not an issue.

 While notice of the universe of theoretically possible lesser-included offenses must be given
before trial, the evidence presented at trial cannot be ignored in determining whether a lesser offense
is actually included within the proof of a greater offense; not all theoretically possible lesser-included
offenses will be supported by the evidence presented at trial. For example, manslaughter is a lesser-included offense of murder under the language of Art. 37.09, yet the evidence presented at trial may
support neither a jury-charge instruction nor a conviction for manslaughter. Evaluation of the
testimony at trial is critical in such a circumstance. 

 In this case, aggravated assault is a lesser-included offense of aggravated kidnapping because
it is "established by proof of the same or less than all the facts required to establish the commission
of" the aggravated kidnapping. If as here, the prosecution, in proving the elements of one charged
offense, also necessarily proves another charged offense, then that other offense is a lesser-included
offense. In such a case, there must be clear legislative intent to punish the offenses separately. If no
such intent is shown, multiple punishments for the criminal act that is the subject of the prosecution
is barred. No such intent has been shown here.

 Because we find no error, we overrule the SPA's grounds for review and affirm the judgment
of the court of appeals.


Delivered: November 1, 2006

Publish



1. In addition, the jury assessed fines of $10,000 for the aggravated kidnapping offense and $7,500 for the
aggravated assault.
2. "Did the Court of Appeals err by concluding that convictions for both aggravated kidnapping and
aggravated assault were barred by principles of double jeopardy?"

 "Did the Court of Appeals err by concluding that the offense of aggravated assault was a lesser-included
offense of aggravated kidnapping, as those offenses were alleged?"

 "Are the elements of the offense of aggravated assault by threatening to inflict imminent bodily injury and
by using a deadly weapon included within the offense of aggravated kidnapping by using and threatening to use
deadly force?"
3. Art. 37.09. Lesser Included Offense

 An offense is a lesser included offense if:

 (1) it is established by proof of the same or less than all the facts required to establish the commission of
the offense charged;

 (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the
same person, property or public interest suffices to establish its commission;

 (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to
establish its commission; or 

 (4) it consists of an attempt to commit the offense charged or an otherwise included offense. 
4. Even if this proposition were supported by our case law, the state was required to prove the elements of
the two charged offenses as alleged in its indictment. 


 Aggravated Kidnapping, § 20.04 Aggravated Assault § 22.02

 (a)(4) intentionally or knowingly abducts 

 (§ 20.01(2) "Abduct" means

 "restrain" with intent to prevent liberation by (not applicable)

 § 20.01(2)(B) using and threatening knowingly threaten

 to use deadly force) use a deadly weapon 

 with intent to inflict (not applicable)

 bodily injury with imminent bodily injury 

 

Rephrasing the three common elements, the state had to prove in each case that appellant used deadly force or a
deadly weapon to threaten the complainant with bodily injury. Proof of additional elements was required in the
kidnapping.