IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,939




EX PARTE DANNY RAY LACY, JR., Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 9915504A IN THE 8TH JUDICIAL DISTRICT COURT
FROM HOPKINS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of
aggravated robbery and three charges of aggravated assault, and was sentenced to life imprisonment
for the aggravated robbery and twenty years’ imprisonment for each of the three aggravated assaults,
to be served concurrently. Applicant waived his right to appeal as part of the plea agreement. 
            Applicant contends, inter alia, that his convictions for aggravated robbery and aggravated
assault against the same complainant during the same transaction constitute double jeopardy. We
remanded this application to the trial court for findings of fact and conclusions of law.
            The trial court has determined that the complainant in this aggravated assault is the same
complainant as the complainant in the aggravated robbery, and that Applicant could not have been
convicted of both charges in a jury trial. Conviction and punishment for both offenses violates the
constitutional prohibition against double jeopardy. See Girdy v. State, 213 S.W.3d 315 (Tex. Crim.
App. 2006). Applicant is entitled to relief. When a double jeopardy violation has occurred, the most
serious offense is retained and the less serious offense is set aside. The most serious offense is the
one for which the greatest sentence was assessed. Ex parte Cavazos, 203 S.W.3d. 333, 337-339
(Tex. Crim. App. 2006).
            Relief is granted. The judgment in Cause No. 9915504A in the 8th Judicial District Court
of Hopkins County is set aside. Copies of this opinion shall be sent to the Texas Department of
Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.
            Applicant’s remaining claims are denied.
 
Delivered: June 11, 2008
Do Not Publish