

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,939

### EX PARTE DANNY RAY LACY, JR., Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 9915504A IN THE 8TH JUDICIAL DISTRICT COURT
## FROM HOPKINS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of aggravated robbery and three charges of aggravated assault, and was sentenced to life imprisonment for the aggravated robbery and twenty years' imprisonment for each of the three aggravated assaults, to be served concurrently. Applicant waived his right to appeal as part of the plea agreement.

Applicant contends, *inter alia*, that his convictions for aggravated robbery and aggravated assault against the same complainant during the same transaction constitute double jeopardy. We

remanded this application to the trial court for findings of fact and conclusions of law.

The trial court has determined that the complainant in this aggravated assault is the same complainant as the complainant in the aggravated robbery, and that Applicant could not have been convicted of both charges in a jury trial. Conviction and punishment for both offenses violates the constitutional prohibition against double jeopardy. *See Girdy v. State*, 213 S.W.3d 315 (Tex. Crim. App. 2006). Applicant is entitled to relief. When a double jeopardy violation has occurred, the most serious offense is retained and the less serious offense is set aside. The most serious offense is the one for which the greatest sentence was assessed. *Ex parte Cavazos*, 203 S.W.3d. 333, 337-339 (Tex. Crim. App. 2006).

Relief is granted. The judgment in Cause No. 9915504A in the 8th Judicial District Court of Hopkins County is set aside. Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Applicant's remaining claims are denied.

Delivered: June 11, 2008
Do Not Publish