In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-221 CR


____________________



ANTHONY MARVIN MAYHEW, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A-060547-R






 OPINION


 A jury convicted appellant, Anthony Marvin Mayhew, of recklessly causing serious
bodily injury to a child, a second degree felony, and of endangering a child, a State jail
felony. Tex. Pen. Code Ann. §§ 22.04, 22.041 (1) (Vernon Supp. 2008). For seriously
injuring the child, the jury assessed Mayhew's punishment at nine years in prison. For
endangering the child, the jury assessed Mayhew's punishment at one and a half years in
State jail. The trial court ordered the two sentences to be served concurrently. Mayhew
challenges the legal and factual sufficiency of the evidence supporting the verdict, contends
the jury charge did not require jury unanimity, and argues that entering a judgment on both
convictions constitutes multiple punishments for the same offense in violation of the Double
Jeopardy Clause. We overrule Mayhew's issues and affirm the judgment.

Factual Background


 Mayhew is the child's father. According to the child's mother, Mayhew placed the
child in the front seat of his car without any restraints. Minutes later, Mayhew rear-ended
a truck and then struck a van before coming to a stop. Later that morning, the child's mother
took the child to the hospital where she was seen by Dr. Figari, who testified that the child
suffered femur fractures caused by a high energy impact consistent with an automobile
accident. 

Legal and Factual Sufficiency


 With respect to the legal sufficiency of the evidence in a criminal case, we review all
of the evidence in a light most favorable to the verdict, and we decide if any rational trier of
fact could find the essential elements of the crime beyond a reasonable doubt. See Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Evans v. State, 202
S.W.3d 158, 161 (Tex. Crim. App. 2006). In determining the evidence's factual sufficiency,
we review the evidence in a neutral light. Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim.
App.), cert. denied, __ U.S. __ , 128 S.Ct. 282, 169 L.Ed.2d 206 (2007). "Evidence can be
factually insufficient in one of two ways: (1) when the evidence supporting the verdict is so
weak that the verdict seems clearly wrong and manifestly unjust, and (2) when the supporting
evidence is outweighed by the great weight and preponderance of the contrary evidence so
as to render the verdict clearly wrong and manifestly unjust." Id. (citing Watson v. State, 204
S.W.3d 404, 414-15 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000)). The reviewing court may not reverse for factual sufficiency if "'the greater
weight and preponderance of the evidence actually favors conviction.'" Id. (quoting Watson,
204 S.W.3d at 417). While the appellate court may "second-guess the [fact finder] to a
limited degree, the review should still be deferential, with a high level of skepticism about
the [fact finder's] verdict required before a reversal can occur." Id. (citing Watson, 204
S.W.3d at 417; Cain v. State, 958 S.W.2d 404, 407, 410 (Tex. Crim. App. 1997)). In
examining a factual sufficiency challenge, we defer to the fact finder's determination of the
credibility of the evidence. Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). 
 Under Texas law, a person commits the offense of injury to a child "if he
intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally,
knowingly, or recklessly by omission, causes to a child . . . : (1) serious bodily injury; (2)
serious mental deficiency, impairment, or injury; or (3) bodily injury." Tex. Pen. Code Ann.
§ 22.04(a) (Vernon Supp. 2008). In this case, the jury found that Mayhew recklessly caused
the child's serious bodily injury. On appeal, Mayhew argues that the evidence was factually
and legally insufficient to support the jury's finding that Mayhew caused the child's injuries. 
Mayhew does not contest that the child's fractured femurs were serious injuries, nor does he
challenge the sufficiency of the evidence supporting the jury's finding that his conduct was
reckless. Instead, Mayhew argues that the State's evidence was insufficient to establish when
the child's fractures occurred, or that the injuries were caused by the rear-end collision. He
argues that no witness testified that the car accident caused the child's leg injuries, and
argues that medical testimony of the child's injuries as being "consistent with" a collision is
legally and factually insufficient to establish causation. 

 The evidence introduced at trial indicates that the rear-end collision occurred between
4:30 and 5:00 a.m. on August 8, 2006. The child's father and mother had been together in
the same residence that night, and the father took the child from the home despite the
mother's objections that morning. The child's mother arrived at the scene of the accident
shortly after the collision occurred. Although told by the emergency personnel that they had
found no visible signs of injury, the mother testified that she was also told to have the child
seen by her physician whenever his office opened. The child's mother took the child to her
neighbor's home, and according to the child's mother and the neighbor, the child was not
involved in a wreck during the trip from the accident scene to the neighbor's home. After
arriving at the neighbor's home, however, the child started screaming when moved only
slightly. At that point, the child's mother arranged to see the child's pediatrician. According
to the child's mother and the neighbor, the child was not involved in a wreck on the way to
the pediatrician's office. In addition, the child's mother testified that the child was not
involved in any accidents, dropped, or abused in any way from the time she arrived at her
neighbor's home until she left for the pediatrician's office. Finally, the mother and neighbor
said that the child was not suffering from leg injuries before Mayhew's wreck.

 The child's pediatrician examined the child approximately two hours after the
accident. The doctor told the child's mother that the child's right femur was broken and then
admitted the child as a patient to the hospital. Testimony from other medical personnel also
supports the jury's conclusion that the wreck caused the child's fractures. An emergency
medical technician who treated the child at the scene of the accident testified that the child
whimpered during the examination in the ambulance at the scene, and the child "really cried"
when the medical team touched the child's legs. A trauma nurse practitioner who saw the
child on admission to the hospital testified that the child's leg injuries were "very consistent
with a motor vehicle accident." During his cross-examination, the nurse practitioner
acknowledged the possibility of other potential causes of impact fractures in children, but
then attributed the most feasible explanation for this type of fracture to motor vehicle
accidents. Dr. Figari, the child's treating orthopedic surgeon, testified that the child suffered
high energy, impact-type transverse fractures. According to Dr. Figari, the child's fractures
were consistent with fractures occurring from an impact of the feet with the dash, floorboard,
or air bag in a sudden stop.

 Circumstantial evidence alone in a case can support a defendant's conviction. Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Based on the trial testimony in this
record, the blunt force trauma due to Mayhew's rear-end collision is the only explanation for
the fractures. With respect to causation, the relevant section of the Penal Code provides:

 A person is criminally responsible if the result would not have occurred but for
his conduct, operating either alone or concurrently with another cause, unless
the concurrent cause was clearly sufficient to produce the result and the
conduct of the actor clearly insufficient. 


Tex. Pen. Code Ann. § 6.04(a) (Vernon 2003). While the child was in the mother's
possession for a short time after the accident before being seen by a doctor, there is testimony
from the child's mother and the neighbor from which the jury could infer that the child was
not injured during that period. There is also no testimony to support an inference that the
child had leg injuries before the collision.

 Mayhew relies upon Reedy v. State, 214 S.W.3d 567 (Tex. App.-Austin 2006, pet.
ref'd) (abrogated by Hooper v. State, 214 S.W.3d 9 (Tex. Crim. App. 2007) for the
proposition that medical causation testimony couched in terms of consistency is insufficient
to support a conviction. However, we conclude that Reedy is distinguishable. In Reedy, a
forensic anthropologist testified that blunt head trauma was very consistent with what is seen
"when bone has been impacted by a blunt instrument." Id. at 578. Additionally, the county
medical examiner testified that the victim's death was due to "a fracture due to blunt trauma
to the head." Id. at 573. The medical examiner further testified that the blunt trauma could
have been caused by a hatchet, small axe, or anything similar. Id. While the Austin Court
of Appeals acknowledged the evidence that the defendant caused the victim's injury was
incriminating, the Court pointed to several problems with the conclusion that the defendant
murdered the victim based on the strength of the evidence before the jury. These evidentiary
problems included that there were no eyewitnesses to the murder, no direct evidence of the
killing, an unknown date of death, a campsite accessible by others, and the circumstantial
nature of the defendant's connection to the offense. Id. at 580-581. According to the Austin
Court of Appeals, the circumstantial evidence in Reedy was not supported by facts which,
by logical inference, could establish each of the essential elements of the offense. Reedy, 214
S.W.3d at 582. 

 Similar problems that raised doubt about the cause of the victim's injury in Reedy do
not exist in Mayhew's case. The evidence in this case established the time of the accident,
direct testimony from multiple witnesses proved that Mayhew was the only person with the
child immediately prior to the accident, and other testimony showed the child suffered no
additional injuries during the period between the accident and the child's initial treatment by
a physician. 

 After a careful review of the record, we conclude that the jury could reasonably
attribute the child's injuries to the rear-end collision, and the cause of the rear-end collision
to Mayhew's reckless acts or omissions. Thus, we conclude that the evidence is legally and
factually sufficient to establish causation and we overrule issue one. 

Jury Unanimity


 In issue two, Mayhew asserts that the trial court did not require separate findings on
whether his conviction was based on the reckless manner in which he operated the car, or by
his failure to control his vehicle in order to prevent it from striking another vehicle.
According to Mayhew, the trial court's failure to require separate answers on these two
theories allowed the jury to answer Count One even if all of the jurors did not agree on the
exact theory of how he had caused the child's injury.

 Under Texas law, a unanimous verdict is required in felony cases. Tex. Code Crim.
Proc. Ann. art. 36.29(a) (Vernon Supp. 2008); Ngo v. State, 175 S.W.3d 738, 745 (Tex.
Crim. App. 2005). "The principle justification for the unanimity requirement is that it
ensures that each juror is convinced beyond a reasonable doubt that the prosecution has
proved each essential element of the offense." Jefferson v. State, 189 S.W.3d 305, 311 (Tex.
Crim. App. 2006) (quoting State v. Johnson, 243 Wis.2d 365, 627 N.W.2d 455, 459-60
(2001)). However, even though unanimity is required, when a statute creates different modes
or means by which an offense may be committed, unanimity is generally not required on the
alternate modes or means of commission. Id. 

 With respect to the injury-to-a-child statute's construction, the Court of Criminal
Appeals in Jefferson held that "'act or omission' are not elements of an injury to a child
offense about which a jury must be unanimous." Id. at 312. As a result, "the conduct
element of the offense can be committed by a combination of these two means[.]" Id. In
Villanueva v. State, the Court of Criminal Appeals further explained that "the essential
element or focus of [Section 22.04] is the result of the defendant's conduct (in this case,
serious bodily injury to a child) and not the possible combinations of conduct that cause the
result." 227 S.W.3d 744, 748 (Tex. Crim. App. 2007) (quoting Jefferson, 189 S.W.3d at
312).

 In Mayhew's case, the jury charge allowed Mayhew to be found guilty if the jurors
found, beyond a reasonable doubt, that Mayhew had recklessly caused serious bodily injury
to the child "by placing the said child in a motor vehicle without properly restraining the said
child and by operating the said motor vehicle in a careless and reckless manner or by placing
the said child in a motor vehicle without properly restraining the said child and by causing
the vehicle he was driving to strike another vehicle[.]" [emphasis in original] The jury
returned a unanimous verdict that Mayhew recklessly injured the child, and therefore it is
inconsequential that the charge, as submitted, did not necessarily require jury unanimity with
regard to one or the other non-elemental mode or means. See Jefferson, 189 S.W.3d at 213. 
We conclude that the trial court's charge did not violate the rule of unanimity required in all
felony cases. See Jefferson, 189 S.W.3d at 312. We overrule Mayhew's second issue.

Double Jeopardy


 In issue three, Mayhew asserts that sentencing him for both endangering a child and
injuring a child violated his protections under the Double Jeopardy Clause. The Double
Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no
person shall be subjected to twice having life or limb in jeopardy for the same offense. U.S.
Const. amend. V. The Texas Constitution's Article I, section 14 provides double jeopardy
protections similar to those provided by the United States Constitution. Stephens v. State,
806 S.W.2d 812, 814-15 (Tex. Crim. App. 1990). The Double Jeopardy Clause embodies
three essential guarantees: (1) it protects against a successive prosecution for the same
offense after acquittal; (2) it protects against a successive prosecution for the same offense
after conviction; and (3) it protects against multiple punishments for the same offense. Langs
v. State, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). 

 "A multiple punishments claim can arise in two contexts: (1) the lesser-included
offense context, in which the same conduct is punished twice; once for the basic conduct, and
a second time for that same conduct plus more[,] and (2) punishing the same criminal act
twice under two distinct statutes when the legislature intended the conduct to be punished
only once[.]" Id. Mayhew argues that the offense of endangering a child is a lesser included
offense of injury to a child and contends that convictions for both offenses subject him to
multiple punishments for the same offense. "If as here, the prosecution, in proving the
elements of one charged offense, also necessarily proves another charged offense, then that
other offense is a lesser-included offense." Girdy v. State, 213 S.W.3d 315, 319 (Tex. Crim.
App. 2006) [emphasis in original]. "In such a case, there must be clear legislative intent to
punish the offenses separately." Id. "[T]he Double Jeopardy Clause does not prohibit a
legislature from authorizing cumulative punishments under two statutes that proscribe the
same conduct[.]" Mauro v. State, 221 S.W.3d 896, 903 (Tex. App.-Beaumont 2007, no pet.). 
"Where, as here, a legislature specifically authorizes cumulative punishment under two
statutes, regardless of whether those two statutes proscribe the "same" conduct under
Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek
and the trial court or jury may impose cumulative punishment under such statutes in a single
trial." Missouri v. Hunter, 459 U.S. 359, 368-69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). "A
defendant [only] suffers multiple punishments in violation of the Double Jeopardy Clause
when he is convicted of more offenses than the legislature intended." Ervin v. State, 991
S.W.2d 804, 807 (Tex. Crim. App. 1999). 

 With respect to Mayhew's double jeopardy argument, we have previously addressed
whether the legislature intended to authorize multiple punishments involving the two statutes
at issue in this case. In a prior case, In the matter of P.D.M., No. 09-06-246-CV, 2008 Tex.
App. LEXIS 897 (Tex. App.-Beaumont Feb. 7, 2008, no pet.), we held that the Legislature,
in Section 22.04 of the Penal Code (injury to a child), "clearly indicated its intent to permit
multiple concurrent punishments[.]" Id. at *9. Consequently, we held: "This statute
[Section 22.04] plainly authorizes multiple punishments for injury to a child and any other
penal code section." Id. at *8; see also Johnson v. State, 208 S.W.3d 478, 510-11 (Tex.
App.-Austin 2006, pet. ref'd) ("This statute plainly authorizes multiple punishments when
a defendant's conduct violates both section 22.04 and another penal code section.").

 The Legislature's intent to allow multiple punishments under the statutes in this case 
is clear. Section 22.04(h) of the Texas Penal Code states that "[a] person who is subject to
prosecution under both this section and another section of this code may be prosecuted under
either or both sections." Tex. Pen. Code Ann. § 22.04(h) (Vernon Supp. 2008). Since the
section of the Penal Code that proscribes endangering a child is found within another section
of the Texas Penal Code, and the Legislature expressly authorized multiple punishments, the
multiple concurrent sentences imposed in this case are not constitutionally prohibited. 

 We overrule Mayhew's third issue. Having overruled all of Mayhew's issues, we
affirm the trial court's judgment.

 AFFIRMED. 

 ___________________________

 HOLLIS HORTON

 Justice


Submitted on July 28, 2008

Opinion Delivered November 26, 2008

Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Because section 22.041, as applied to Mayhew, has not materially changed since the
date of the offense, we cite to the current version of the statute. See Act of May 25, 2007,
80th Leg., R.S., ch. 840, § 2, 2007 Tex. Gen. Laws 1749, 1750 (current version at Tex. Pen.
Code Ann. § 22.041 (Vernon Supp. 2008)).