ACCEPTED
03-13-00328-CR
6333620
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/3/2015 3:29:18 PM
JEFFREY D. KYLE
CLERK

No. 03-13-00328-CR

IN THE COURT OF APPEALS FOR THE THIRD JUDICIAL DISTRICT
OF TEXAS, AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/3/2015 3:29:18 PM
JEFFREY D. KYLE
Clerk

**James Dwayne Hoisager,** Appellant

v.

**The State of Texas,** Appellee

On Appeal from the 424th District Court of Burnet County, Texas
Cause No. 39,332, The Honorable Daniel H. Mills, Judge Presiding

# Appellant's Motion for Rehearing

TO THE HONORABLE THIRD COURT OF APPEALS:

COMES NOW James Dwayne Hoisager, Appellant, and, by and through David K. Chapman, his attorney of record, respectfully files this Motion for Rehearing, and in support of the Motion would show the Court that rehearing should be granted,

# Grounds for Rehearing

## I.

By refusing to consider Appellant's Supplemental Brief and sustain its contentions regarding double jeopardy, the Court placed itself in direct conflict with the Court's opinion in *Girdy v. State*, 213 S.W.3d 315 (Tex. Crim. App. 2006), *aff'g* 175 S.W.3d 877 (Tex. App. – Amarillo 2005).

1

## II.

The Court's reliance on *Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001) was misplaced because that case dealt with sufficiency of the evidence and Appellant's case deals with the failure to provide Appellant with notice of what was in fact an amendment to the indictment.

## Background

Appellant was charged in a two-count indictment with the aggravated kidnapping and aggravated assault of his ex-wife. A jury found him guilty of both charges, made an affirmative finding of a deadly weapon as to both, and assessed his punishment at 10 years imprisonment on each count. The court ordered that the sentences run concurrently.

On July 17, 2015, this Court affirmed Appellant's conviction in an unpublished memorandum opinion. *Hoisager v. State*, No. 03-13-00328-CR, 2015, Tex. App. LEXIS 7402 (Tex. App. - Austin July 17, 2015) (mem. op., not designated for publication). This motion for rehearing is timely filed if presented or efiled on or before Monday, August 3, 2015.

# I.

## Failure to Consider Supplemental Brief

### A.

On November 22, 2013, Appellant filed a supplemental brief and a motion for leave to file that brief. This Court denied Appellant's motion for leave to file on December 2, 2013. Appellant was convicted of aggravated kidnapping and aggravated assault arising from the same incident. In his supplemental brief Appellant argued that his conviction for aggravated assault was, in this case, a lesser included offense of the conviction for aggravated kidnapping and that double jeopardy barred the affirmance of his conviction for both. He relied on *Girdy v. State*, 213 S.W.3d 315, 316-17 (Tex. Crim. App. 2006), *aff'g* 175 S.W.3d 877 (Tex. App. - Amarillo 2005). Appellant therefore urged that the Court order that a judgment of acquittal be entered in the aggravated assault case because it was a lesser included offense of aggravated kidnapping. Supp. Br. of Appellant at 2-8.

### B.

A double jeopardy claim "may be raised for the first time on appeal or even for the first time on collateral attack when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzales v. State*, 8

S.W.3d 640, 643 (Tex. Crim. App. 2000). *Accord, Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006).

C.

A double jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim. *Ex Parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013). The critical inquiry is whether the record before the reviewing court clearly reflects a double jeopardy violation. *Long v. State*, 130 S.W.3d 419, 424 (Tex. App. – Houston [14th Dist.] 2004, no pet.).

D.

The record before this Court is virtually identical to the one in *Girdy*. In both cases the offenses alleged abduction without consent with intent to prevent the complainant's liberation. *Girdy*, 213 S.W.3d at 316; *Hoisager*, 2015 Tex. App. LEXIS, 7402 at *2-3. In that case, as here, there was "an unbroken sequence" of events in which Girdy brandished a knife, threatened the complainant with it (and in *Girdy*, others), forced the complainant into the car with him, and abducted her. *Girdy*, 213 S.W.3d at 316; *Hoisager*, 2015 Tex. App. LEXIS, 7402 at *1-2.

E.

Because aggravated assault is a lesser included offense of aggravated

kidnapping, it should be the offense to be vacated as a result of the double jeopardy violation, as was done in *Girdy*, 213 S.W.3d at 316-17, 319, *aff'g Girdy*, 175 S.W.3d at 882. The same should be done in Appellant's case.

F.

It is left to the sound discretion of the Courts of Appeals to grant or deny a party's request to file a supplemental brief. Tex. R. App. P. 38.7; *State v. Krizan-Wilson*, 321 S.W.3d 619, 623 n.1 (Tex. App. - Houston [14th Dist.] 2010), *aff'd,* 354 S.W.3d 808 (2011). However, this discretion is not so great as to be beyond question, especially when the issue is one of double jeopardy. *Gonzales*, 8 S.W.3d at 643.

G.

These recent specific authorities find a foundation in earlier cases. In *G.A.O. v. State*, 854 S.W.2d 710, 713-15 (Tex. App. – San Antonio 1993, no writ), the juvenile did not raise a double jeopardy issue, but the Court of Appeals perceived one, raised it on its own motion, and found that the juvenile's adjudication should be reversed on that ground. *Cf. McDonald v. Edwards*, 115 S.W.2d 762, 766 (Tex. Civ. App. – Beaumont 1938), *aff'd*, 137 Tex. 423, 153 S.W.2d 567 (1941)(where supplemental brief presents claims of fundamental error, issues must be reviewed).

H.

Under these special circumstances involving a clear double jeopardy violation,

a Court of Appeals' failure to consider such a supplemental brief should be treated as beyond the normal freedom granted by Rule 38.7. The Court should grant rehearing and hold that it abused its discretion by refusing to file and consider the double jeopardy issue raised in Appellant's supplemental brief. Upon doing so, it should vacate Appellant's conviction for aggravated assault and render a judgment of not guilty. Tex. R. App. P. 43.2(c).

## II.

## Misapplication of *Gollihar v. State*

### A.

Appellant argued in his brief that he was deprived of the notice required by Article 1, Section 10 of the Texas Constitution and Article 28.10 of the Texas Code of Criminal Procedure. Br. of Appellant at 7-18. His specific complaint was that the trial court allowed Appellee to alter the indictment in a substantive way by removing language fixing the location of the offense. He contended that this deletion was reversible error because it expanded the area in which the aggravated kidnapping could be committed. *Id*. at 5, 12-18. He made no complaint about the sufficiency of the evidence. The Court's response was to hold that the language omitted was not substantive, but only surplusage, and thus permissible. *Hoisager*, Tex. App. LEXIS 7402 at *4-8.

B.

In affirming Appellant's conviction, the Court relied on *Gollihar v. State*, 46 S.W.3d 243, 256-57 (Tex. Crim. App. 2001) as authority for rejecting Appellant's claims. In *Gollihar*, the Court overruled "surplusage" law as it related to issues of *sufficiency of the evidence*, "and, in particular, what constituted a hypothetically correct jury charge." *Hall v. State*, 62 S.W.3d 918, 920 (Tex. App. - Dallas 2001, pet. ref'd).

C.

Appellant contends this Court erred by extending the holding of *Gollihar* to cases involving *notice* rather than sufficiency and surplusage. This Court should grant rehearing to join the other Courts of Appeals which have come to this conclusion. *Hall*, 62 S.W.3d at 920; *Moore v. State*, 54 S.W.3d 529, 547 (Tex. App. – Fort Worth 2001, pet. ref'd).

D.

The Court held that the language that was removed from the indictment was not an amendment for purposes of Article 28.10 because it was not legally essential to the offense of aggravated kidnapping. *Hoisager*, Tex. App. LEXIS at *6-9. Therefore, the Court held, Appellant's request for additional time to prepare for the change in the indictment was unjustified. *Hoisager*, 2015 Tex. App. LEXIS 7402 at *6-9.

E.

Appellant contends that, regardless of the overruling of the *Burrell*[1] rule in *Gollihar*, 46 S.W.3d at 256-57, the phrase "to her home" is legally essential to the offense of kidnapping - and hence aggravated kidnapping - for purposes of Article 28.10, especially in the present case. This is because it is necessary to provide notice, not to measure the sufficiency of the evidence. *Hall*, 62 S.W.3d at 920; *Moore*, 54 S.W.3d at 547.

F.

Also, restraint is an element of the offense of aggravate kidnapping. *Prudholm v. State*, 330 S.W.3d 590, 599 (Tex. Crim. App. 2011). In this case the original indictment alleged that it took place in the complainant's home where Appellant restrained the complainant. The amendment to the indictment omitted this latter limitation, allowing Appellee to prove that the facts of this offense took place well outside the complainant's home. Sufficiency of the evidence was not affected, but notice was.

G.

This was a substantive change because the offense is aggravated kidnapping, which, unlike most offenses, is based on *location* (secretion), part of the *mens rea* of

---

[1] *Burrell v. State*, 526 S.W.2d 799 (Tex. Crim. App. 1975).

8

kidnapping. *Mason v. State*, 905 S.W.2d 570, 575 (Tex. Crim. App. 1995), *cert. denied*, 516 U.S. 1051 (1996). That is, kidnapping is circumscribed by a place or places definition, unlike most other offenses.

H.

For all of the foregoing reasons, in an aggravated kidnapping case the location of the secretion is not surplusage for purposes of notice under Article 28.10, and the Court erred by holding to the contrary. Accordingly, the Court erred when it held that the trial court did not error when he allowed the Appellee to amend the indictment and refused to allow Appellant an additional ten days to prepare for trial after the amendment was made.

## Conclusion and Prayer

PREMISES CONSIDERED, Appellant prays that the Court grant his motion for rehearing, reverse and vacate the trial court's judgment of conviction for aggravated assault and render a judgment of acquittal, and reverse the judgment of conviction for aggravated kidnapping and order that the case be remanded to the trial court for a new trial on that count of the indictment.

Respectfully submitted,

/s/ David K. Chapman

David K. Chapman
Attorney at Law
Post Office Box 427
Karnes City, Texas 78118
heartregardless@gmail.com
(830)780-3472 Tel.
(210) 428-6479 Fax
State Bar Number 04121500

Attorney for James Dwayne Hoisager

**CERTIFICATE OF COMPLIANCE AND SERVICE**

On this 2nd day of August, 2015, I filed a copy of this document through EFILETEXAS.GOV, using an approved service provider, File & ServeXpress, which provided a copy to the attorney for Appellee, Hon. Gary W. Bunyard, Assistant District Attorney, P.O. Box 725, Llano, Texas 78643. I certify that this document was prepared on WordPerfect™ 8.1, contains a total of 1818 words, and otherwise complies with the Texas Rules of Appellate Procedure, as amended effective January 1, 2014.

/s/ David K. Chapman

David K. Chapman