ACCEPTED
03-14-00617-CR
3855582
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/22/2015 9:18:19 AM
JEFFREY D. KYLE
CLERK

IN THE THIRD COURT OF APPEALS

FOR THE STATE OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

1/22/2015 9:18:19 AM

JEFFREY D. KYLE
Clerk

NATHANIEL PAUL FOX,
Appellant

NO. 03-14-00617-CR

V.

THE STATE OF TEXAS,
Appellee

## APPELLANT'S BRIEF

On appeal from the 207th Judicial District Court of Comal County, Texas
Trial Court Cause No. CR2013-091
Honorable Bruce Boyer, District Judge Presiding

Paul A. Finley
State Bar No. 07023300
Reagan Burrus, PLLC
401 Main Plaza, Suite 200
New Braunfels, Texas 78130
Telephone:      (830) 625-8026
Facsimile:      (830) 625-4433
Email:          pfinley@reaganburrus.com

Oral Argument is Respectfully Requested

IDENTITIES OF PARTIES AND COUNSEL

Pursuant to the provisions of Rule 38.1(a), Texas Rules of Appellate Procedure, a complete list of the names of all parties to this action and counsel are as follows:

Parties:                         Nathaniel Paul Fox, Appellant

State of Texas, Appellee

Attorney for the Appellant:       Paul A. Finley
State Bar No. 07023300
Reagan Burrus PLLC
401 Main Plaza, Suite 200
New Braunfels, Texas  78130
Telephone:  (830) 625-8026
Facsimile:   (830) 625-4433
Email:  pfinley@reaganburrus.com

Attorney for the State:        Joshua Presley
State Bar No. 24088254
Assistant Criminal District Attorney
150 N. Seguin Avenue, Suite 307
New Braunfels, Texas 78130
Telephone: (830) 221-1300
Facsimile:  (830) 608-2008
Email:  presleyjo@co.comal.tx.us

TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ............................................i

TABLE OF CONTENTS ..........................................................................ii

INDEX OF AUTHORITIES ....................................................................iii

STATEMENT OF THE CASE ................................................................ 1

STATEMENT REGARDING ORAL ARGUMENT ................................... 1

SUMMARY OF FACTS ......................................................................... 3

SUMMARY OF ARGUMENT ................................................................. 6

ISSUE ONE:    THE CONVICTION AGAINST THE APPELLANT
              FOR THE CHARGES OF BOTH MURDER AND
              FOR AGGRAVATED ASSAULT SUBJECTED
              APPELLANT TO DOUBLE JEOPARDY...................... 6

ISSUE TWO:    COUNSEL FOR APPELLANT RENDERED
              INEFFECTIVE ASSISTANCE TO THE APPELLANT
              FOR THE FAILURE TO OBJECT TO THE STATE'S
              CROSS EXAMINATION OF APPELLANT WITH
              EVIDENCE OF EXTRANEOUS OFFENSES ............ 10

PRAYER ............................................................................................. 14

CERTIFICATE OF COMPLIANCE ....................................................... 15

CERTIFICATE OF SERVICE ............................................................... 15

# INDEX OF AUTHORITIES

Alvarez v. State, 511 S.W.2d 493 (Tex. Crim. App. 1973) .................... 11
Blockburger v. United States, 284 U.S. 299 (1932) ............................... 7
Brigon v. State, 252 S.W.3d 360 (Tex. Crim. App. 2008) ...................... 8
Ex parte Cavazos, 203 S.W.3d 333 (Tex. Crim. App. 206) .................... 9
Gilbert v. State, 808 S.W.2d 467 (Tex. Crim. App. 1991) .................... 11
Gundy v. State, 213 S.W. 3d 315 (Tex. Crim. App. 2006) ...................... 8
Langs v. State, 183 S.W.3d 680 (Tex. Crim. App. 2006) ....................... 7
Ortiz v. State, 93 S.W.3d 79 (Tex. Crim. App. 2002) ........................... 11
Ramirez v. State, 873 S.W.2d 757 (Tex. App. – El Paso 1994) ........... 12
Ruiz v. State, 579 S.W.2d 206 (Tex. Crim. App. 1979) ....................... 11
Russell v. State, 113 S.W.3d 530 (Tex. App. – Fort Worth 2003) ......... 11
Strickland v. Washington, 466 U.S. 668 (1984) .................................. 12


STATUTES AND RULES

Tex. R. Evid. § 404(b) ....................................................................... 11
Tex. Pen. Code § 19.02 ....................................................................... 8
Tex. Pen. Code § 22.02 ....................................................................... 8

U.S. Const. Amend. V. .......................................................................... 7
U.S. Const. Ament. XIV.......................................................................... 7

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

COMES NOW NATHANIEL PAUL FOX, Appellant in this case, by and through his attorney of record, PAUL A. FINLEY, and, pursuant to the provisions of Tex. R. App. Pro. 38, et. seq., files this brief on appeal.

## STATEMENT OF THE CASE

Appellant was indicted in Cause No. CR 2013-091 for the offense of Murder and Aggravated Assault (CR Vol. 1, pp. 6-7). He entered pleas of Not Guilty to both charges. A jury found Appellant guilty of both Murder and Aggravated Assault of a Family or Household member with a deadly weapon on August 22, 2014, (CR Vol. 1, pp. 35-36). The Court assessed punishment at sixty years confinement in the Texas Department of Criminal Justice—Institutional Division on both charges with sentences to run concurrently, (CR Vol. 1, pp. 37-43). Appellant gave notice of appeal on September 14, 2014, (CR Vol. 1, p. 160).

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument in this case. Oral argument will aid the Court's decisional process in this case.

## ISSUES PRESENTED

ISSUE ONE:    THE CONVICTION AGAINST THE APPELLANT FOR THE CHARGES OF BOTH MURDER AND FOR AGGRAVATED ASSAULT SUBJECTED APPELLANT TO DOUBLE JEOPARDY.

ISSUE TWO: COUNSEL FOR APPELLANT RENDERED INEFFECTIVE ASSISTANCE TO THE APPELLANT FOR THE FAILURE TO OBJECT TO THE STATE'S CROSS EXAMINATION OF APPELLANT WITH EVIDENCE OF EXTRANEOUS OFFENSES.

## SUMMARY OF FACTS

On January 1, 2013, the New Braunfels, Texas, Police Department received a telephone call from Appellant's mother alerting that Melissa Eason, Appellant's girlfriend, may be deceased at 211 E. Merriweather Street in New Braunfels. In response, the New Braunfels Police conducted a welfare check at an apartment at said address. Upon gaining entry, police officers discovered Melissa Eason deceased. Testimony from Jessica Villarreal indicated that the deceased had spent the night at Ms. Villarreal's home before departing the next morning. According to Villarreal, Eason was uncertain what the Appellant would do if drunk and had been concerned about returning to the apartment that she and the Appellant shared.

According to testimony from various witnesses, the Appellant and the deceased had a volatile relationship. The decedent's sister testified that the deceased told her that the deceased needed to leave the Appellant or she would "wake up dead." The deceased made a similar statement to Officer BoBo of the New Braunfels Police Department that the Appellant told her if she ever left him he would kill her. Law enforcement had been called previously to the residence of the couple for disturbances and

3

Appellant, on one occasion, was arrested for the violation of a protective order that the deceased had entered against him the State of New York.

The Appellant testified that on January 1, 2013, the deceased had returned to the residence that the Appellant and the deceased shared in New Braunfels. The Appellant said he was sleeping when the deceased came in "screaming, yelling, throwing stuff, breaking stuff." Appellant said after he awoke the deceased punched him in the face. Appellant testified he was worried that the deceased could beat him to death and so he put the deceased in a rear naked choke hold and "choked her out." Appellant testified that he put on his clothes and left the apartment. However, Appellant said before he left, the deceased, who he did not intend to kill, had a strong pulse and was breathing. Later that morning he said he returned to the apartment and the deceased was stiff and he then left. That afternoon according to witnesses Leslie Schmidt and Lisa Raulings the Appellant also admitted to them that he had "choked out" the deceased.

The medical examiner testified that the cause of death was homicide and that the decedent died of asphyxiation by strangulation. Appellant denied that he had crushed the throat of deceased.

The State's attorney attacked Appellant in cross examination and called attention to the Appellant's training as a Marine and a mixed martial

4

arts participant. The prosecutor also questioned about telephone calls from the jail involving Appellant after his arrest when Appellant boasted he would seriously injure any inmate who would dare fight him.

At the conclusion of the presentation of the evidence the jury convicted Appellant of both charges of Murder and Aggravated Assault. The Court sentenced Appellant to sixty years confinement in the Institutional Division of the Texas Department of Criminal Justice on both charges with the sentences to run concurrently.

SUMMARY OF ARGUMENT

Appellant was convicted of two offenses arising out of the same criminal episode, Murder and Aggravated Assault of a Family or Household Member. Appellant was sentenced to sixty years confinement in the Texas Department of Criminal Justice – Institutional Division with the sentences to run concurrently. Appellant contends that the dual convictions subjected the Appellant to double jeopardy and that the Aggravated Assault conviction should be set aside.

Additionally, during the guilt-innocence stage of the proceedings, Appellant took the stand on his own defense. Without objection from defense counsel, the State cross-examined the Appellant over extraneous offenses and threats that Appellant made from the jail while awaiting trial for the case. No limiting instruction on these other acts was requested by Appellant's trial counsel. Appellant contends that trial counsel was ineffective for failing to object to the introduction of said extraneous offenses or to request a limiting instruction being given to the jury on the consideration of said acts or offenses.

ISSUE NO. ONE (RESTATED): THE CONVICTION AGAINST THE APPELLANT FOR THE CHARGES OF BOTH MURDER AND FOR AGGRAVATED ASSAULT SUBJECTED APPELLANT TO DOUBLE JEOPARDY.

At the conclusion of the trial the Appellant was found guilty by the jury of both the offenses of Murder and Aggravated Assault of a Family or Household member with a deadly weapon, (CR Vol. 1, pp. 35-36). Judgment and sentence was assessed by the Court at sixty years confinement in the Institutional Division of the Texas Department of Criminal Justice. Both convictions were from charges brought against the Appellant growing out of a single transaction and involving the same victim (CR Vol. 1, pp. 6-7).

Multiple punishments for the same offense are prohibited by the United States Constitution. U.S. Const. Amend. V. This double jeopardy clause is made applicable to the states. U.S. Const. Amend. XIV. If both a greater and a lesser included offense are alleged and the same conduct is punished once for the greater offense and a second time for the lesser offense then a multiple punishment double jeopardy violation has occurred. Langs v. State, 183 S.W.3d 680 (Tex. Crim. App. 2006). Even where there is a violation of two distinct statutory provisions there still may only be one offense for the double jeopardy review. Blockburger v. United States, 284 U.S. 299 (1932). The focus is on the elements in the charging instrument

7

when determining whether crimes are the same for double jeopardy purposes. Brigon v. State, 252 S.W.3d 360 (Tex. Crim. App. 2008).

The elements of Murder as defined in the Texas Penal Code are by a person either 1) intentionally or knowingly causing the death of an individual or 2) intending to cause serious bodily injury and committing an act clearly dangerous to human life that causes the death of an individual Tex. Pen. Code §19.02.

The elements of Aggravated Assault of a Family or Household member with a deadly weapon as defined by the Texas Penal Code occur when a person commits assault as defined in the Texas Penal Code and the person causes serious bodily injury to another, including the person's spouse, uses or exhibits a deadly weapon during the commission of the assault, and the person assaulted is in a relationship or association with the defendant as described by section 71.0021(b), 71.003, or 71.005 of the Texas Family Code. Tex. Pen. Code § 22.02.

If the prosecution in proving the elements of one charged offense also proves another charged offense the other offense is a lesser included offense. Gundy v. State, 213 S.W. 3d 315 (Tex Crim. App. 2006). Unless there is clear legislative intent to punish the offenses separately then multiple punishments for the same criminal act are barred. Gundy, Ibid.

8

The remedy In the situation where multiple corrections are obtained and double jeopardy provisions are violated is to return the conviction for the most serious offense and to set aside the other conviction. Ex parte Cavazos, 203 S.W.3d 333 (Tex. Crim. App. 206).

Aggravated Assault is a lesser included offense of Murder as plead in the charging instrument in this case and as such on this issue the less serious charge of Aggravated Assault should be set aside.

ISSUE NO. TWO (RESTATED): COUNSEL FOR APPELLANT RENDERED INEFFECTIVE ASSISTANCE TO THE APPELLANT FOR THE FAILURE TO OBJECT TO THE STATE'S CROSS EXAMINATION OF APPELLANT WITH EVIDENCE OF EXTRANEOUS OFFENSES.

The Appellant testified on his own behalf at the guilt- innocence stage of the proceedings. During cross examination of the Appellant by the State the Appellant was questioned about a telephone call he made to his sister (R.R. Vol. 5 p. 198). The prosecution elicited testimony without objection from the Appellant's counsel that while incarcerated at the jail he would "fuck some guy up" if he didn't break his neck. (R.R. Vol. 5 p. 198). Appellant was questioned again about a telephone call to his sister and his intention to do harm to another inmate he was having trouble with (Vol. 5, p. 200) and how he wanted to "break him."

Appellant conceded when asked that he would leave that inmate "with physical injuries he'd never recover from" and that he would "walk with a limp the rest of his life" (R.R. Vol. 5, p. 201). The inmate would have a "break…(to) his arms, leg, jaw, and a couple of ribs." (R.R. Vol. 5, p. 201). Again without objection he was asked to concede if he admitted to his sister on October 6, 2013, that he would start "smashing people," "come in with a wrath," and to "get violent" if he wasn't moved (R.R. Vol. 5, p. 201). Again he was questioned without objection and conceded he was going to "beat the shit out of…two inmates." (R.R. Vol. p. 202). Likewise, no

10

limiting instruction was requested by Appellant's counsel regarding the admission of the extraneous offenses.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Tex. R. Evid. § 404(b). There is a general rule against the introduction of extraneous offenses to show character conformity. Ruiz v. State, 579 S.W. 2d 206 (Tex. Crim. App. 1979). Evidence tending to show that a defendant committed other offenses wholly disconnected with that for which he is on trial should not be admitted. Alvarez v. State, 511 S.W. 2d 493 (Tex. Crim. App. 1973). Extraneous evidence may be inadmissible when its only relevance is to show that a person is of a particular character. Gilbert v. State, 808 S. W. 2d 467 (Tex. Crim. App. 1991). Indeed the prejudicial impact of admitting extraneous offenses can outweigh their probative value particularly when there is other evidence of intent available. Russell v. State, 113 S.W. 3d 530 (Tex. App. – Fort Worth 2003).

In order for a defendant to prove ineffective assistance of counsel for failing to make an objection at trial, the defendant must identify the specific objection that should have been made at trial and to cite authority that the objection would have been successful Ortiz v. State, 93 S.W. 3d 79 (Tex. Crim. App. 2002); Mallet v. State, 9 S.W. 3d 56 (Tex. App.- Fort Worth

2000). Likewise failing to request a limiting instruction regarding admission of an extraneous offense can cause trial counsel's performance to fall below an objective standard of reasonableness under prevailing professional norms. Ramirez v. State, 873 S.W. 2d 757 (Tex. App. –El Paso 1994).

Ineffective assistance of counsel claims are weighed against the standard set by the Strickland case. Strickland v. Washington, 466 U.S. 668 (1984). Strickland established that the ineffective assistance inquiry is measured by two standards, the performance of counsel and the prejudice to the defendant as a result.

Appellant's counsel's trial performance was deficient in failing to object to the introduction against Appellant of the extraneous offenses which prejudiced the jury. It allowed the jury to consider acts unrelated to the crime charged made more particularly erroneous in light of the lack of a limiting instruction given to the jury which prejudiced the Appellant.

---

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that his conviction in the above-entitled and numbered cause be reversed and that the case be remanded to the trial court for a new trial.

Respectfully submitted,

REAGAN BURRUS PLLC
401 Main Plaza, Suite 200
New Braunfels, Texas 78130
Telephone: (830) 625-8026
Facsimile: (830) 625-4433
Email: pfinley@reaganburrus.com

By: *Paul A. Finley* /s/
PAUL A. FINLEY
State Bar No. 07023300

ATTORNEY FOR APPELLANT,
NATHANIEL PAUL FOX

## CERTIFICATE OF COMPLIANCE

By affixing my signature below, I PAUL A. FINLEY, hereby certify that Appellant's Brief contains 2690 words.

on the 21st day of January, 2015.

*Paul A. Finley*      /s/
PAUL A. FINLEY

## CERTIFICATE OF SERVICE

By affixing my signature below, I, PAUL A. FINLEY, hereby certify that a true copy of "Appellant's Brief" has been served by electronic delivery to:

Joshua Presley
Comal County District Attorney's Office
150 North Seguin, Suite 307
New Braunfels, Texas 78130

on the 21st day January, 2015.

*Paul A. Finley*      /s/
PAUL A. FINLEY