

# NUMBER 13-23-00309-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ERNEST RAY LONGORIA III,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                  **Appellee.**

---

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Chief Justice Contreras**

Appellant Ernest Ray Longoria III challenges his convictions for aggravated assault with a deadly weapon and aggravated robbery. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(1), 29.03. The jury assessed life confinement for both counts. On appeal, Longoria contends that double jeopardy protects him against multiple punishments for the same offense because aggravated assault with a deadly weapon is a lesser-included

offense of aggravated robbery. We affirm in part and reverse and render in part.

## I. BACKGROUND

The evidence at trial showed that on November 22, 2021, Longoria went to Keith Nauret's RV home in Rockport, Texas to purchase heroin. According to Longoria, Nauret believed his money was counterfeit, which caused Nauret to get upset and point a pistol at him. Longoria testified that he tried to disarm Nauret, which resulted in the accidental discharge of the pistol, causing Nauret's death. After the incident, Longoria left with Nauret's black rifle bag, believing his money was inside.

Longoria was indicted by a grand jury for: murder, a first-degree felony (Count 1); aggravated assault with a deadly weapon, a second-degree felony (Count 2); aggravated robbery, a first-degree felony (Count 3); and theft of a firearm, a state jail felony (Count 4). *See id.* §§ 19.02(c), 22.02(b), 29.03(b), 31.03(e)(4)(C). The indictment included enhancement paragraphs alleging Longoria was a habitual felony offender, which increased the punishment range for Count 2 to twenty-five to ninety-nine years or life imprisonment, and for Count 4 to that of a second-degree felony. *See id.* §§ 12.42(d), 12.425(c). Longoria pleaded not guilty to all counts and was found not guilty as to Count 1 but guilty as to Counts 2–4. The jury found the enhancement paragraphs to be true and assessed his punishment at twenty years' confinement for Count 4, and life imprisonment for Counts 2 and 3. The trial court ordered that the sentences run concurrently with 536 days credited to his sentence.

Within thirty days of his conviction, Longoria filed a combined motion for new trial and motion in arrest of judgment. The motions were overruled by operation of law, and this appeal followed.

## II.   DISCUSSION

By a single issue on appeal, Longoria contends that his convictions for aggravated assault with a deadly weapon and aggravated robbery violate his double jeopardy rights.[1]

## A.   Standard of Review & Applicable Law

The Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, protects a person from multiple punishments for the same offense. U.S. CONST. amends. V, XIV; *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). A multiple-punishments double jeopardy violation occurs if both a greater and a lesser-included offense are alleged, and the same conduct is punished once for the greater offense and a second time for the lesser. *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006) (noting that multiple punishments claim can arise in "the lesser-included offense context, in which the same conduct is punished twice; once for the basic conduct, and a second time for that same conduct plus more (for example, attempted assault of Y and assault of Y; assault of X and aggravated assault of X)"); *see Brown v. Ohio*, 432 U.S. 161, 168 (1977) ("The greater offense is . . . by definition the 'same' for purposes of double jeopardy as any lesser offense included in it."). A lesser-included offense is one that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1).

Whether offenses are the "same" for double jeopardy purposes is a matter of legislative intent. *Littrell v. State*, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008). Ordinarily,

---

[1] Longoria did not raise a double jeopardy claim in the trial court, but he may do so for the first time on appeal because (1) the undisputed facts show the double jeopardy violation is clearly apparent from the face of the record, and (2) enforcement of the usual rules of procedural default would serve no legitimate state interest. *See Garfias v. State,* 424 S.W.3d 54, 57–58 (Tex. Crim. App. 2014).

3

we presume that the Legislature "did not regard two statutorily defined offenses to be the same if 'each provision requires proof of a fact which the other does not.'" *Id.* (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). In asking that question, the focus is on the elements alleged in the charging instrument, and not on the offense as defined in the penal code. *Garfias*, 424 S.W.3d at 58; *Ex parte Denton*, 399 S.W.3d 540, 546 (Tex. Crim. App. 2013). Even so, "[a]n accused may be punished for two offenses that would be regarded as the same under a *Blockburger* analysis if the Legislature has otherwise made manifest its intention that he should be." *Littrell*, 271 S.W.3d at 276. Therefore, whether the two offenses at issue are the "same" under *Blockburger* is irrelevant if the Legislature intended to authorize multiple punishments for both. *See id.*; *Reina v. State*, 940 S.W.2d 770, 775–76 (Tex. App.—Austin 1997, pet. ref'd) ("A court may impose cumulative punishment in a trial for the violation of two statutes, regardless of whether those two statutes proscribe the 'same' conduct under the other two types of double jeopardy prohibitions, if the legislature so intends.").

## B.    Analysis

The analysis conducted for multiple punishments context begins with the *Blockburger* same-elements test. *Price v. State*, 434 S.W.3d 601, 609 (Tex. Crim. App. 2014). That test asks "whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. The application of the *Blockburger* same-elements test in Texas is governed by the cognate-pleadings approach, which entails comparing the elements of the greater offense as pleaded to the statutory elements of the lesser offense. *Ex parte Amador*, 326 S.W.3d 202, 206 n.5 (Tex. Crim. App. 2010). If the two offenses have the same elements under the cognate-pleadings approach, then a

4

judicial presumption arises that the offenses are the same for purposes of double jeopardy and the defendant may not be convicted of both offenses. *Bien v. State*, 550 S.W.3d 180, 184 (Tex. Crim. App. 2018).

Aggravated assault may be a lesser-included offense of aggravated robbery, depending upon the facts proved. *Ex parte Denton*, 399 S.W.3d at 545. As charged in the indictment in this case, aggravated robbery requires proof that Longoria, while committing theft of property and with the intent to obtain or maintain control of the property, intentionally, knowingly, or recklessly caused bodily injury to Nauret and used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03. By comparison, aggravated assault with a deadly weapon under § 22.02(a)(1) requires proof that the defendant intentionally, knowingly, or recklessly caused serious bodily injury to another and used or exhibited a deadly weapon. *See id.* § 22.02(a)(1).

Here, Counts 2 and 3 both alleged that Longoria (1) intentionally, knowingly or recklessly caused bodily injury to Nauret "by discharging a firearm in or near the direction of" Nauret, and (2) "did then and there use or exhibit a deadly weapon, namely a firearm."[2] Count 3 further alleged that Longoria engaged in these acts "while in the course of committing theft of property with intent to obtain or maintain control of the property." Thus,

---

[2] The indictment for Counts 2 and 3, respectively, alleged:

[T]hat ERNEST LONGORIA . . . did then and there intentionally, knowingly or recklessly cause bodily injury to Keith Nauret by discharging a firearm in or near the direction of Keith Nauret, and [Longoria] did then and there use or exhibit a deadly weapon, namely a firearm during the commission of the assault.

. . . .

And, that ERNEST LONGORIA . . . did then and there while in the course of committing theft of property with intent to obtain or maintain control of the property, intentionally, knowingly or recklessly cause bodily injury to Keith Nauret by discharging a firearm in or near the direction of Keith Nauret, and [Longoria] did then and there use or exhibit a deadly weapon, namely a firearm.

as pleaded, aggravated assault is a lesser-included offense of aggravated robbery because "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art 37.09(1); *Girdy v. State*, 213 S.W.3d 315, 319 (Tex. Crim. App. 2006) ("If . . . the prosecution, in proving the elements of one charged offense, also necessarily proves another charged offense, then that other offense is a lesser-included offense.").

"Aggravated assault and aggravated robbery share a common focus . . . . [T]he gravamen of robbery offenses, including aggravated robbery, is the defendant's assaultive conduct." *Garfias*, 424 S.W.3d at 60. Although aggravated assault and aggravated robbery are not the same offense in all situations, under the circumstances of this case, both offenses resulted in Nauret's death, and "the sameness of the result is an indication that the Legislature did not intend to impose multiple punishments." *Bigon*, 252 S.W.3d at 371. If there is no clear legislative intent to punish the offenses separately, multiple punishments for the criminal act that is the subject of the prosecution are barred. *See Girdy*, 213 S.W.3d at 319. No such intent has been shown here.[3] *See Ex parte Denton*, 399 S.W.3d at 547. Therefore, we conclude that Longoria has shown that his convictions for Counts 2 and 3 are in violation of his constitutional double jeopardy protections that preclude multiple punishments for the same offense. Longoria's issue on appeal is sustained.

Generally, when a defendant is convicted in a single criminal trial of two offenses

---

[3] The State observes that the statute defining the offense of assault states: "If conduct constituting an offense under this section also constitutes an offense under another section of this code, the actor may be prosecuted under either section or both sections." TEX. PENAL CODE ANN. § 22.01(g). But Longoria was not convicted of assault under § 22.01; rather, he was convicted of aggravated assault under § 22.02 and aggravated robbery under § 29.03. *See id.* § 22.02, 29.03. Those statutes do not contain any provision similar to § 22.01(g).

that are considered the same for double jeopardy purposes, "the remedy is to affirm the conviction for the most serious offense and vacate the other convictions." *Bigon*, 252 S.W.3d at 372–73 (citing *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006)); *Bien*, 550 S.W.3d at 188. The most serious offense is the "offense in which the greatest sentence was assessed." *Bigon*, 252 S.W.3d at 373. Here, the punishments imposed for Counts 2 and 3 are identical; for each offense, Longoria was sentenced to life imprisonment, no fine was assessed, and no restitution was ordered. Thus, we cannot determine the most serious offense by the general rule.

In such instances, we may look to other distinguishing factors, such as the degree of each offense or an affirmative deadly weapon finding. *See id.* Aggravated robbery, which is a first-degree felony, is a more serious offense than aggravated assault, which is a second-degree felony with an enhanced punishment range in this case due to a habitual felony offender finding. *See* TEX. PENAL CODE ANN. §§ 12.42(d), 22.02(b), 29.03(b). We therefore vacate the conviction of aggravated assault with a deadly weapon and affirm the conviction for aggravated robbery.

### III. CONCLUSION

We reverse the judgment of conviction for Count 2 of aggravated assault with a deadly weapon and render judgment vacating that count. The judgments on the remaining counts are affirmed.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of July, 2024.

7