PD-1279-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/28/2015 10:57:31 AM
Accepted 11/2/2015 10:58:35 AM
ABEL ACOSTA
CLERK

No. PD-1279-15

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

## James Dwayne Hoisager,

Appellant

FILED IN
COURT OF CRIMINAL APPEALS

November 2, 2015

ABEL ACOSTA, CLERK

v.

## The State of Texas

Appellee

On Appeal from the 424th District Court of Burnet County, Texas
Cause No. 39,332, The Honorable Daniel H. Mills, Judge Presiding
On Petition from Discretionary Review from Case Number 03-13-00328-CR
In the Court of Appeals For the Third Judicial District of Texas at Austin

# Appellant's Petition for Discretionary Review

Submitted by:

**David K. Chapman**
Attorney at Law
State Bar Number 04121500
Post Office Box 427
Karnes City, Texas 78118-0427
Tel. (830) 780-3472
Fax: (210) 428-6479
heartregardless@gmail.com

Attorney for James Dwayne Hoisager

**ORAL ARGUMENT IS REQUESTED**

# Identity of Parties and Counsel

Pursuant to Rule 38.1(a), Texas Rules of Appellate Procedure, the following is a complete list of the names and addresses of all parties to the trial court's final judgment and their counsel in the trial court, as well as appellate counsel, so the Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case and the Clerk of the Court may properly notify the parties to the trial court's final judgment or their counsel, if any, of the judgment and all orders of the Court of Appeals.

# Trial Court

**Hon. Daniel H. Mills, District Judge**
424th Judicial District
Burnet County, Texas
1701 E. Polk Street, Suite 74
Burnet, Texas 78611

# Appellant

**James Dwayne Hoisager**
TDCJ #01857172
A.M. "Mac" Stringfellow Unit
1200 FM 655
Rosharon, TX 77583

**Trial Counsel**

**David Sprinkle**
SBN 00788452
**Michelle Moore**
SBN 00798294
Burnet Co. Public Defenders Office
1008 N. Water St.
Burnet, Texas 78611

**Appellate Counsel**

**David K. Chapman**
Attorney at Law
SBN 04121500
P.O. Box 427
Karnes City, Texas 78118

i

# Appellee

**The State of Texas**

**Trial and Appellate Counsel**

**Hon. Wiley P. McAfee**
**District Attorney**
33rd and 424th Judicial Districts
P.O. Box 725
Llano, Texas 78643

| **Trial Counsel** | **Appellate Counsel** |
|---|---|
| **Claire Carter**<br>SBN 00792397 | **Gary W. Bunyard**<br>SBN 03353500<br>Assistant District Attorney<br>P.O. Box 725<br>Llano, Texas 78643 |
| **Blake Ewing**<br>SBN 24076376<br>Assistant District Attorneys<br>P.O. Box 725<br>Llano, Texas 78643 | **Lisa C. McMinn**<br>SBN 13803300<br>State Prosecuting Attorney<br>P.O. Box 13046<br>Austin, Texas 78711-3046 |

# Table of Contents

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  vii

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  vii

Statement of Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  viii

Issues for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ix

> **ISSUE ONE:** Did the Court of Appeals Erred by Failing to Address Appellant's Double Jeopardy Claim, and Should This Court Do So on Discretionary Review?
>
> **ISSUE TWO:** Did the Court of Appeals Err by Holding That the Alteration to the Amendment Was an Abandonment Rather than an Amendment?

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

    Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

    The Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

    Appellant's Arguments in the Court of Appeals . . . . . . . . . . . . . . . . . . . . . .  3

    The Opinion of the Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

    Issue One . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

    Issue Two . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Service and Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Appendix – Opinion of the Court of Appeals

# Index of Authorities

**Federal Cases**                                                                    **Pages**

*Blockburger v. United States*, 284 U.S. 299 (1932) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Missouri v. Hunter*, 459 U.S. 359 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**State Cases**                                                                      **Pages**

*Aekins v. State*, 447 S.W.3d 270 (Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . 5, 6

*Bigon v. State*, 252 S.W.3d 360 (Tex. Crim. App. 2008) . . . . . . . . . . . . . . . . . 7, 8

*Burrell v. State*, 526 S.W.2d 799 (Tex. Crim. App. 1975) . . . . . . . . . . . . . . . . . . . 4

*Chen v. State*, 410 S.W.3d 394
(Tex. App. – Houston [1ˢᵗ Dist.] 2013, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . 14

*Curry v. State*, 30 S.W.3d 394 (Tex. Crim. App.) . . . . . . . . . . . . . . . . . . . . . . 4, 14

*Eastep v. State*, 941 S.W.2d 130 (Tex. Crim. App. 1997) . . . . . . . . . 10, 12, 13, 14

*Evans v. State*, 299 S.W.3d 138 (Tex. Crim. App. 2009) . . . . . . . . . . . . . . . . . . . 7

*Ex parte Amador*, 326 S.W.3d 202 (Tex. Crim. App. 2010). . . . . . . . . . . . . . 5, 6, 7

*Ex parte Cavazos*, 203 S.W.3d 333 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . 8

*Ex Parte Denton*, 399 S.W.3d 540 (Tex. Crim. App. 2013) . . . . . . . . . . . . . . . . . 6

*Ex parte Ervin*, 991 S.W.2d 804 (Tex. Crim. App. 1999) . . . . . . . . . . . . . . . . . . 5

*Ex parte Marascio*, Nos. WR-80,939-01, WR-80,939-02, WR-80,939-03
(Tex. Crim. App. Oct. 7, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Girdy v. State*, 213 S.W.3d 315 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . 5, 6, 7

*Gollihar v. State*, 46 S.W.3d 3d 243 (Tex. Crim. App. 2001) . . . . . . . . . 4, 8, 9, 10

*Hall v. State*, 62 S.W.3d 918 (Tex. App. - Dallas 2001, pet. ref'd) . . . . . . . . . . . . 9

*Hoisager v. State*, No. 03-13-00328-CR, 2015 Tex. App. LEXIS 7402
(Tex. App. - Austin July 17, 2015)
(mem. op., not designated for publication);
Mem. Op. (Tex. App. - Austin July 17, 2015) . . . . . . . . . . . . . . . . . . . 3, 4, 8, 12

*Mason v. State*, 740 S.W.2d 517
(Tex. App. - Houston [1st Dist.] 1987, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . 12

*Mason v. State*, 905 S.W.2d 570 (Tex. Crim. App. 1995) . . . . . . . . . . . . . . . . . 14

*Moore v. State*, 54 S.W.3d 529 (Tex. App. – Fort Worth 2001, pet. ref'd) . . . . . . 9

*Prudholm v. State*, 330 S.W.3d 590 (Tex. Crim. App. 2011) . . . . . . . . . . . . . . . 14

*Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . . . 10

*Studer v. State*, 799 S.W.3d 263 (Tex. Crim. App. 1990) . . . . . . . . . . . . . . . . . 12

**Federal Constitution**                                                     **Pages**

U.S. Const. am. 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7

U.S. Const. am. 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

U.S. Const. am. 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 15

**Texas Constitution, Statutes, and Rules**                                 **Pages**

Tex. Const. art. I, §10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15

Tex. Code Crim. P. art. 1.05 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Tex. Code Crim. P. art. 28.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 10, 15

Tex. Code Crim. P. art. 28.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# Statement Regarding Oral Argument

The Court's opinions in *Ex parte Marascio*, Nos. WR-80,939-01, WR-80,939-02, WR-80,939-03 (Tex. Crim. App. Oct. 7, 2015) make it clear that oral argument can add nothing of importance on the issue of double jeopardy. However, Appellant urges that the Court entertain argument on the issue of amendments to and abandonments from indictments. The purpose of these categories was to assure that the substance of indictments be respected. Although Appellant contends his indictment was harmfully amended even under current law, Appellant questions whether the categorical approach to abandonments has overshadowed the emphasis on substance, first set out in *Eastep v. State*, 941 S.W.2d 130 (Tex. Crim. App. 1997), *overruled on other grounds in Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000) and *Gollihar v. State,* 46 S.W.3d 3d 243 (Tex. Crim. App. 2001).

# Statement of the Case

Appellant was charged in a two-count indictment with the aggravated kidnapping and aggravated assault of his ex-wife (CR 5-6). A jury found him guilty of both charges, made an affirmative finding of a deadly weapon as to both, and

assessed his punishment at 10 years imprisonment on each count (CR 40-43, 51-52). The court ordered that the sentences were to run concurrently (CR 53, 55). Notice of appeal was timely filed (CR 53, 55, 59).

## Statement of Procedural History

On October 25, 2013, Appellant filed his original brief. The State filed its reply brief on November 14, 2013. On November 22, 2013, the court of appeals received Appellant's supplemental brief in which, for the first time, he argued the double jeopardy ground he presents in this petition; on the same date the Court filed his motion for leave to file that brief. On December 2, 2013, the Court denied Appellant's motion for leave to file Appellant's supplemental brief.

On July 17, 2015, the court of appeals affirmed Appellant's case. *Hoisager v. State*, No. 03-13-00328-CR, 2015 Tex. App. LEXIS 7402 (Tex. App. - Austin July 17, 2015) (mem. op., not designated for publication). On August 3, 2015, Appellant filed a timely motion for rehearing. The motion was overruled on August 28, 2015. This petition is timely if filed, after one of extension of time, on or before October 28, 2015.

# Issues for Review

**ISSUE ONE:** Did the Court of Appeals Erred by Failing to Address Appellant's Double Jeopardy Claim, and Should This Court Do So on Discretionary Review?

**GROUND TWO:** Did the Court of Appeals Err by Holding That the Alteration to the Indictment Was an Abandonment Rather than an Amendment?

No. PD-1279-15


IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS


**James Dwayne Hoisager,**
Appellant

v.

**The State of Texas,**
Appellee


On Appeal from the 424th District Court of Burnet County, Texas
Cause No. 39,332, The Honorable Daniel H. Mills, Judge Presiding
On Petition from Discretionary Review from Case Number 03-13-00328-CR
In the Court of Appeals For the Third Judicial District of Texas at Austin


# Appellant's Petition for Discretionary Review

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

NOW COMES James Dwayne Hoisager, Appellant, through David K. Chapman, his attorney of record, and respectfully presents his Petition for Discretionary Review, in which he would show the Court as follows:


1

# Argument

## FACTUAL BACKGROUND

The evidence showed that Appellant went to his ex-wife's home, threatened her with a knife, kept her at her home with the aid of that knife, then took her to a church with the knife close at hand, where they spoke with the minister. RR3:40-41, 49, 52-56, 62-67, 72-74, 78, 80-84; RR4: 11.

## THE INDICTMENT

The two-count indictment charged Appellant with the aggravated kidnapping and aggravated assault of his ex-wife, both offenses alleged to have arisen on the same date from the same events:

> [Appellant] "did then and there intentionally and knowingly abduct [complainant] with the intent to prevent the liberation of [complainant] by using and threatening to use deadly force against [complainant] and [Appellant] **did then and there restrain** [complainant] by restricting the movements of [complainant] without the consent of [complainant] so as to interfere substantially with the liberty of [complainant] by confining [complainant] ~~to her home~~, and [Appellant] *did then and there use and exhibit a deadly weapon, to-wit: a knife, during the commission of the said offense.*

> [Appellant] *"did then and there intentionally and knowingly threaten [complainant] with imminent bodily injury, and [Appellant] did then and there use and exhibit a deadly weapon, to-wit: a knife,* during the commission of said offense"*.

CR:5-6 (Emphasis and omissions added).

2

Appellant's first issue relies on the italicized language in both counts of the indictment; the second, on the bold-faced language in count one. Both deal with the State's misuse of the indictment process to deprive Appellant of a fair trial.

**APPELLANT'S ARGUMENTS IN THE COURT OF APPEALS**

Appellant argued that the trial court erred by granting the State's request to amend the indictment and refusing his request for ten days to respond. *See* Tex. Code Crim. P. 28.10(b). Br. of Appellant at 5-18.

For the first time in a supplemental brief[1] Appellant contended that his conviction for aggravated assault was barred by his conviction for aggravated kidnapping.[2] Supp. Br. of Appellant at 2-11.

**THE OPINION OF THE COURT OF APPEALS**

The court held that the alteration of the indictment was an abandonment, not an amendment, and affirmed Appellant's conviction. *Hoisager v. State*, No. 03-13-00328-CR, 2015 Tex. App. LEXIS 7402 at *6-9 (Tex. App. - Austin July 17, 2015) (mem. op., not designated for publication); mem. op. at 3-7.[3] It concluded that this

---

[1]The court of appeals denied leave to file this brief.

[2]There was no request for a jury charge on this issue. RR5:23.

[3]This citation is to the court's memorandum opinion on its website, not to that of Westlaw or LEXIS.

Court's opinion in *Gollihar v. State*, 46 S.W.3d 3d 243 (Tex. Crim. App. 2001), implicitly overruled *Curry v. State*, 30 S.W.3d 394, 399 (Tex. Crim. App.), on which Appellant relied in part. According to the Court, this was because *Gollihar* explicitly overruled *Burrell v. State*, 526 S.W.2d 799, 802 (Tex. Crim. App. 1975), and *Burrell* was the only foundation for *Curry*. *Hoisager*, *id*. The court did not address Appellant's double jeopardy claim.

## ANALYSIS

**ISSUE ONE: Did the Court of Appeals Erred by Failing to Address Appellant's Double Jeopardy Claim, and Should This Court Do So on Discretionary Review?**

This double jeopardy claim provides the Court with a means of deciding the issues left unresolved by *Ex parte Marascio*, Nos. WR-80,939-01, WR-80,939-02, & WR–80,939-03 (Tex. Crim. App. Oct. 7, 2015).

The Court should grant review for four reasons in addition to the primary one of addressing the issues raised in *Marascio*: the jeopardy issue was not raised in the trial court, making it analogous to *Marascio*; the double jeopardy violation is clearly apparent from the face of the record;[4] enforcement of the usual rules of procedural default serves no legitimate State interest; and the lower court's refusal to consider

---

[4]*Cf. Ex parte Marascio*, Nos. WR-80,939-01, WR-80939-02, WR-80,939-03 (Tex. Crim. App. Oct. 7, 2015), Richardson, J., concurring, slip op. at 1 (double jeopardy violation not clearly apparent on face of record).

the issue ignored this Court's holding on the merits in *Girdy v. State*, 213 S.W.3d 315 (Tex. Crim. App. 2006), *aff'g* 175 S.W.3d 877 (Amarillo 2005).

The Double Jeopardy Clause of the United States Constitution is applicable to the states through the Fourteenth Amendment and protects Appellant from multiple punishments. In a case involving double punishments, the Court determines legal sameness by applying the same-elements test and by discerning whether the Legislature intended to authorize multiple punishments for the same act. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *Ex parte Ervin*, 991 S.W.2d 804 (Tex. Crim. App. 1999)(applying *Hunter*'s multiple punishments test to Texas).

In deciding whether one offense is a lesser included offense for double jeopardy purposes, one compares the statutory elements of the greater offense, as alleged in the charging instrument of that offense, with the statutory elements of the lesser-included offense, regardless of how the elements of the latter have been alleged. *Ex parte Amador*, 326 S.W.3d 202, 206 n.5 (Tex. Crim. App. 2010). Article 37.09 of the code of criminal procedure is also to be considered. *Aekins v. State*, 447 S.W.3d 270, 274 (Tex. Crim. App. 2014).

In this case, article 37.09(1) applies as it did in *Girdy*, 213 S.W.3d at 319: the lesser included offense of aggravated assault was established by same or less than all

the facts required to prove aggravated kidnapping, and the test set out in *Ex parte Amador* has also been satisfied.

When one offense is a lesser offense is a lesser included offense of another, the double jeopardy clause prohibits punishment for both. *Ex Parte Denton*, 399 S.W.3d 540, 546 (Tex. Crim. App. 2013); *Girdy*, 213 S.W.3d at 319.

When two such offenses occur in "a single continuous act, with a single impulse, in which several different statutory provisions are necessarily violated," the defendant may be punished only once. *Aekins*, 447 S.W.3d at 275

"Because of the fundamental nature of the double-jeopardy protections, a double-jeopardy claim may be raised for the first time on appeal or on collateral attack if two conditions are met: 1) the undisputed facts show that the double-jeopardy violation is clearly apparent on the face of the record; and 2) when enforcement of the usual rules of procedural default serves no legitimate state interest." *Ex Parte Denton*, 399 S.W.3d at 544.

A double jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim. *Ex part Denton*, 399 S.W.3d at 544-45. And while the State may ordinarily have an interest in maintaining the finality of a conviction, it has "no legitimate interest in maintaining a conviction

when it is clear on the face of the record that the conviction was obtained in contravention of constitutional double-jeopardy protections." *Id*. at 545.

The double jeopardy violation in this case is apparent on the face of the record, just as it was in *Girdy*. There are no additional facts needed to establish the violation. The State alleged the statutory elements and facts essentially identical[5] to those in *Girdy*, and the facts proved - aggravated kidnapping and aggravated assault at knife-point - are also strikingly similar. *Girdy*, 213 S.W.3d at 316. And his claim arises in the area in which multiple punishment claims can be addressed, in which the defendant is punished for one criminal act twice under two different statutes when the legislature intended the conduct to be punished only once. *Bigon v. State*, 252 S.W.3d, 360, 370 (Tex. Crim. App. 2008); *Girdy*, 213 S.W.3d at 319.

In this case, the jury found Appellant guilty of both offenses, entered a deadly weapon finding as to each, and assessed identical punishments of ten years, which the court ordered to be served concurrently. CR: 40-43, 51-53. The imposition of concurrent sentences does not eliminate the bar of double jeopardy, however. *Evans v. State*, 299 S.W.3d 138, 141 (Tex. Crim. App. 2009). In such cases the greater offense is to be retained; the lesser vacated. *Id*.

---

[5]The indictment in the present case was not as bare-bones as that in *Girdy*, but that is not material, as *Ex parte Amador,* 326 S.W.3d at 206 n.5 makes clear.

When a defendant has been punished for both a greater and lesser included offense, the offense to be vacated is the less serious of the two, as measured by the comparative sentences assessed. *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). When the sentences are identical, as they are here, and one is an offense of a greater degree than the other, the lower of the two is to be vacated. *Bigon*, 252 S.W.3d at 369. Aggravated kidnapping is a first degree felony. Aggravated assault is a second degree felony. Tex. Penal Code ann. §§ 20.04(c); 22.02(b). Accordingly, the aggravated assault conviction must be vacated. The Court should take review, determine that Appellant's double jeopardy claim can be considered by the Court, and vacate the conviction and sentence for aggravated assault.

**ISSUE TWO**: **Did the Court of Appeals Err by Holding That the Alteration to the Indictment Was an Abandonment Rather than an Amendment?**

After the jury had been impaneled and sworn, the trial court overruled Appellant's objection to the State's deletion of the phrase "to her home" from the indictment and denied his request for ten days to respond to the amendment. RR2: 133; RR3: 23-30.

Relying primarily on *Gollihar*, 46 S.W.3d at 256-57, the court of appeals held that the language deleted from the indictment was surplusage, and therefore an abandonment. *Hoisager*, 2015 Tex. App. LEXIS 7402 at *6-9; mem. op. at 4-7.

The reasons for granting review of this issue, in addition to the error itself are: the court erroneously applied *Gollihar* to issues of notice as defined in Tex. Code Crim. P. art. 28.10 in conflict with decisions of other courts; the court of appeals fell into the trap of examining whether the deletion from the indictment was an abandonment before deciding whether it affected the substance of the indictment; because the deletion from the indictment seriously affected a matter of substance, it was not an abandonment; the deleted language was descriptive of a necessary element of the offense and was an amendment; the deletion removed the language placing an element of the offense in a specific setting.

In *Hall v. State*, 62 S.W.3d 918, 920 (Tex. App. - Dallas 2001, pet. ref'd) and *Moore v. State*, 54 S.W.3d 529, 547 (Tex. App. – Fort Worth 2001, pet. ref'd),the courts held that *Gollihar* does not apply to matters of notice, a direct conflict with the decision below. As the court of appeals said in *Hall*:

> However, our review of *Gollihar* reveals that surplusage law was only overruled insofar as it relates to the sufficiency of the evidence to support a conviction. Specifically, the only issue before the court was how to dispose of sufficiency of the evidence questions in light of *Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997), and in particular, what constituted a hypothetically correct jury charge. There is nothing in the reasoning of *Gollihar* that would suggest the court of criminal appeals intended to overrule surplusage law as it pertains to article 28.10 of the code of criminal procedure.

*Hall*, 62 S.W.3d at 920.

This conflict makes the present case worthy of review.

9

The confusion between notice under article 28.10 and sufficiency of the evidence helped lead the lower court into two other analytical errors, which provide further justification for this Court's consideration of issue two.

Because of its misinterpretation of *Gollihar*, the court rejected authorities supporting Appellant's claim that the deletion from the indictment was a matter of substance. This was due not only to its mistaken analogy to that case, but also because it incorrectly interpreted *Eastep v. State*, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997), *overruled on other grounds in Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000) and *Gollihar v. State, supra*.

In *Eastep*, the Court began its analysis with a discussion of a defendant's constitutional right to notice,[6] to be received through the charging instrument. *Eastep*, 941 S.W.2d at 132. It then emphasized the requirement that an amendment to be made on the face of the charging instrument. *Id*. Next, the Court pointed out that the significant issue in the case was whether the alteration affected the <u>substance</u> of the charging instrument. *Id*. The Court made it clear that the answer to this primary question of substance is whether the alteration was an amendment or an abandonment. *Id*.

The Court provided examples of amendments from Texas cases requiring the application of articles 28.10 and 28.11 of the code of criminal procedure. *Id*. at 132-33.

---

[6]This right is conferred by Tex. Const. Art. I, §10.

10

Prior to this time, there was no judicial rule of what an amendment was; the Court was creating one in *Eastep* by a gathering of historical authorities. *Id*.

The Court then held that an alteration made on the face of the charging instrument which did not affect its substance was an abandonment, not an amendment, and did not violate the defendant's right to notice. *Id*. at 133. As with amendments, the principal inquiry was substance first, abandonment second. *Id*. Once again relying on past cases, the Court created three categories of abandonments: where the State abandons one of multiple means of the committing the alleged offense; where it replaces the alleged offense with a lesser offense; or where it removes language which is not descriptive of what is legally essential to the validity of the indictment and may therefore be treated as surpusage. *Id*. at 133-35.

All three forms of abandonment can be seen to have the following qualities in common. They give the State no advantage in convicting the defendant, they enhance the defendant's ability to defend against the original charge, they have a neutral effect, or they possess some combination of these three.

Accordingly, the first question must be whether the deletion affects a matter of substance. If it gives the State a significant advantage in convicting the defendant or puts the defendant at a disadvantage, it should be deemed an amendment of a matter of

substance, not an abandonment. This should be the first query under *Eastep*. The Court should take review to so hold.

The three categories of abandonments serve a crucial function, but they are best seen as part of a scheme, made coherent in 1985, to balance both parties' right to have challenges to an indictment made with diligence, notice, and fairness. *Studer*, 799 S.W.2d 263, 265-72 (Tex. Crim. App. 1990); *Mason v. State*, 740 S.W.2d 517, 519-20 (Tex. App. - Houston [1st Dist.] 1987, pet. ref'd)(discussion of changes in indictment law as part of decision of misjoinder issue). Part of the purpose of these changes was to avoid "fundamental errors" raised for the first time on appeal, depriving the State of notice, and likewise providing the defendant with notice. *Studer*, 799 S.W.2d at 568

The essence of the analytical construct created in *Eastep* is that the court's first duty is to ask whether the alteration of the face of the indictment was a matter of substance, not whether it was an abandonment. 941 S.W.2d at 132. This fits with the purpose of the 1985 changes. The court of appeals took the opposite view; it viewed its paramount duty to seek out grounds for calling the alteration an abandonment. That is, after making giving lip service to the requirement of substance, the court proceeded almost directly to the assumption that it was surplusage and therefore an abandonment. *Hoisager*, 2015 Tex. App. LEXIS 7502 at *5; mem. op. at 4. In doing so, it noted, contrary to Appellant's argument, that the form of abandonment in this case was a deletion of surplusage, the third

12

form of abandonment. *Id*. at *6. The lower court's approach was thus the reverse of the process that *Eastep* requires. Accordingly, it led the court to find an abandonment where none existed.

What happened in Appellant's case was the converse of the former rule that allowed reversal for "fundamental errors" raised for the first time on appeal, a rule changed by the 1985 constitutional and statutory amendments mentioned above. The amendment of the substance of the indictment in this case gave the State the kind of advantage defendants formerly received when cases were reversed on appeal with no notice to the State in the trial court.

It follows that the Court should take review for the purpose of recognizing that a deletion may be an amendment even if it does not fit with any of the three categories created in *Eastep*. Any deletion that significantly and adversely impacts the defendant's ability to defend his case, or that makes it easier for the State to prosecute him, should be deemed a change in the substance of the indictment, a more important consideration than whether it is within one of the three categories. This is because it addresses the issue of substance, deemed primary in *Eastep*.

However, because the deletion of the language in Appellant's case removed language that was descriptive of a necessary element of the offense, it also constitutes error

showing why this particular deletion from his indictment is an amendment, not an abandonment.

In *Mason v. State*, 905 S.W.2d 570, 575 (Tex. Crim. App. 1995), the Court held that "kidnapping becomes a completed offense when a restraint is accomplished" and "the State [has] the burden to prove that a restraint was completed." *Mason* thereby makes restraint a necessary element of kidnapping. *See also Prudholm v. State*, 330 S.W.3d 590, 599 (Tex. Crim. App. 2011)(stating that restraint is an element of aggravated kidnapping in determining whether it was comparable to the restraint element in the California offense of sexual battery). Here, the complainant's home is where the restraint was alleged to have been first effectuated and "to her home" is necessarily descriptive of restraint.

The deletion was also an amendment because it removed the placement of the necessary element of restraint from a specific setting. *Curry*, 30 S.W.3d at 399, *cited with approval in Chen v. State*, 410 S.W.3d 394, 396 (Tex. App. – Houston [1st Dist.] 2013, pet. ref'd).

The impact of the amendment was serious. It allowed the State to expand its range of proof, not limit it, as is the case with true abandonments. *See Eastep*, 941 S.W.2d at 132-35. Thus, for example, when the court allowed the State to amend the indictment, it not only allowed the prosecution to broaden the scope of the evidence it could rely on for conviction; it also permitted proof that the offense was committed in a county other than that alleged in the indictment. The indictment alleged that the offense occurred in Burnet

County, but the victim's home was in Llano County. CR: 5-6; RR3: 97, 106. It likewise diminished Appellant's ability to cross-examine or argue to the jury about this discrepancy between counties. *See* U.S. Const. am. 6, 14; Tex. Const. art I. §10; Tex. Code Crim. P. 1.05.

The improper amendment of the indictment over objection, coupled with the denial of Appellant's request for ten additional days to prepare, likewise denied by the trial court, harmfully deprived Appellant of the notice required buy article 28.10(b).

**Prayer**

Appellant prays that the Court grant review, vacate his conviction for aggravated assault on the grounds of double jeopardy, and reverse his conviction for aggravated kidnapping because the trial court allowed the State to amend the indictment after trial began and denied Appellant ten days to respond.

Respectfully submitted,

/s/ David K. Chapman

David K. Chapman
State Bar No. 04121500
P.O. Box 427
Karnes City, Texas 78118-0427
830-780-3472 Telephone
210-428-6479 Facsimile
heartregardless@gmail.com

Attorney for James Dwayne Hoisager

15

# CERTIFICATE OF COMPLIANCE AND SERVICE

On this 28th day of October, 2015 I filed a copy of this document through EFILETEXAS.GOV, using an approved service provider, File & ServeXpress, which provided a copy to the attorneys for Appellee, Hon. Gary W. Bunyard, Assistant District Attorney, 33rd and 424th Judicial District, P.O. Box 725, Llano, Texas 78643, g.bunyard@co.llano.tx.us, and Lisa C. McMinn, State Prosecuting Attorney, P.O. Box 13046, Austin, Texas, 78711-3046, information@spa.texas.gov. I also sent copies of this document to opposing counsel at these email addresses independently of my email filing service. I certify that this document was prepared on WordPerfect™WPx6, contains a total of 3422 words, and otherwise complies with the Texas Rules of Appellate Procedure, as amended effective January 1, 2014. I also

/s/ David K. Chapman

David K. Chapman

**APPENDIX**


**OPINION OF THE COURT OF APPEALS**

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00328-CR

**James Dwayne Hoisager**

**v.**

**The State of Texas**

## FROM THE 424TH DISTRICT COURT OF BURNET COUNTY, TEXAS
## NO. 39332, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

**M E M O R A N D U M   O P I N I O N**

A jury found Appellant, James Dwayne Hoisager, guilty of the aggravated kidnapping and aggravated assault of his ex-wife, Brenda Hoisager ("Brenda"). On appeal, Appellant complains that the trial court erroneously allowed the State to amend the aggravated kidnapping indictment and erroneously denied his request for ten days to respond to the amendment. For the reasons that follow, we affirm both convictions.

**BACKGROUND**

On the morning of July 8, 2011, Appellant went to Brenda's condominium, with her permission, to attend to some business on behalf of their daughter and to do his laundry. Although their daughter lived in the condominium with Brenda, Brenda and Appellant were alone that morning. Appellant became upset, having recently learned that Brenda was romantically involved with another man. When Brenda asked Appellant to leave he refused, prevented her from calling

the police, held a knife to her throat, told her that they were going to go see God that night, and told her that he had paid someone to kill both of them.

Appellant held Brenda in the condominium at knife point for several hours or more. They struggled over Brenda's loaded pistol during this time, with Appellant gaining control and putting it out of Brenda's reach. At some point in the afternoon, Appellant drove Brenda to their church for a counseling session with their pastor, Ross Chandler. Brenda testified that she did not go to the church willingly and that Appellant kept the knife on hand during the drive. Appellant and Brenda met Chandler at their church and spoke about their relationship for approximately two hours before Chandler realized that something was amiss and removed Brenda from the situation. Brenda reported the incident to the police, who arrested Appellant.

Appellant was charged with aggravated kidnapping and aggravated assault with a deadly weapon. Count I of the indictment—which charged Appellant with aggravated kidnapping—originally read:

> Defendant . . . did . . . intentionally and knowingly abduct Brenda Hoisager by restraining the said Brenda Hoisager with the intent to prevent the liberation of the said Brenda Hoisager by using and threatening to use deadly force against the said Brenda Hoisager, and the said Defendant did then and there restrain the said Brenda Hoisager by restricting the movements of the said Brenda Hoisager without the consent of the said Brenda Hoisager so as to interfere substantially with the liberty of the said Brenda Hoisager by confining the said Brenda Hoisager *to her home*, and the said Defendant did then and there use and exhibit a deadly weapon, to-wit: a knife, during the said offense.

Trial commenced on April 29, 2013. The jury was empaneled and sworn in the early afternoon and then released for a lunch break, at which point the State expressed its intention to

2

delete the words "to her home" from the indictment. After the lunch break, the State made a formal motion to delete the words "to her home," which the court granted over Appellant's objection. Appellant requested ten additional days to prepare in light of the alteration to the indictment, which the trial court denied. The State read the amended version of the indictment to the jury. The jury returned a guilty verdict on both counts and assessed a punishment of ten years for each count, which the trial court ordered to be served concurrently.

## ANALYSIS

Appellant contends that the trial court erred (1) by allowing the State to amend the indictment over his objection and (2) by denying his request to delay trial for ten days to allow him to respond to the amendment. We disagree.

## LEGAL OVERVIEW

"Article I, Section 10 of the Texas Constitution guarantees an accused the right to be informed of the nature and cause of the accusation against him in a criminal prosecution. It has long been held that this information must come from the face of the charging instrument." *Eastep v. State*, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997), *overruled on other grounds by Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000), *and Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001). The Texas Code of Criminal Procedure provides that:

> (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

3

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

Tex. Code Crim. Proc. art. 28.10.

**The Trial Court did not Err in Allowing the State to Alter the Indictment**

Appellant argues that the trial court disregarded article 28.10(b) of the Texas Code of Criminal Procedure by allowing an amendment to the indictment after trial had commenced despite Appellant's objection. *See* Tex. Code Crim. Proc. art. 28.10(b) ("A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences *if the defendant does not object*") (emphasis added); *Sanchez v. State*, 138 S.W.3d 324, 329 (Tex. Crim. App. 2004) (for purposes of article 28.10, trial on merits commences when jury is empaneled and sworn). The State contends that article 28.10(b) does not apply because the words "to her home" were mere surplusage, so their deletion did not constitute a substantive amendment.

Not every alteration to the face of an indictment is an amendment for the purpose of article 28.10. Only changes that affect the substance of the indictment qualify as amendments. *Eastep*, 941 S.W.2d at 132. A modification that does not affect the substance of the indictment is a mere abandonment that does not trigger article 28.10. *Id*. at 133. The court of criminal appeals has recognized three types of language in an indictment that can be abandoned without constituting an amendment: (1) allegations of one or more alternative means of committing the alleged offense,

4

(2) allegations of a greater offense than remains in the indictment, and (3) surplusage. *Id.* "Surplusage is unnecessary language not legally essential to constitute the offense alleged in the charging instrument." *Id.* at 134.

Appellant argues that "to her home" was not surplusage, citing *Curry v. State* for the contention that unnecessary language is not surplusage if it is descriptive of a necessary element of a charged offense. *Curry v. State*, 30 S.W.3d 394, 399 (Tex. Crim. App. 2000) (citing *Burrell v. State*, 526 S.W.2d 799, 802 (Tex. Crim. App. 1975), *overruled by Gollihar*, 46 S.W.3d at 256-57). This exception to the surplusage rule—often referred to as the *Burell* exception—applies to language that (1) places an offense in a specific setting, (2) defines the method by which the offense was committed, or (3) describes the offense more narrowly. *Id.* According to Appellant, the phrase "to her home" was substance rather than surplusage because it (1) put the offense in the specific setting of Brenda's condominium, (2) described the method of abduction, which is a necessary element of aggravated kidnapping,[1] and (3) narrowed the scope of the offense.

Appellant's reliance on *Curry*—and through it *Burrell*—is misplaced. The court of criminal appeals explicitly overruled the *Burell* exception in *Gollihar*, rendering Appellant's argument invalid. 46 S.W.3d at 256-57. The relevant question is whether the phrase "to her home" is legally essential to constitute the offense alleged. *See Eastep*, 941 S.W.2d at 134. A review of the indictment and the statutory elements of aggravated kidnapping leads us to conclude that the words "to her home" are not essential to this offense.

---

[1] Tex. Penal Code § 20.04.

5

The indictment originally stated that Appellant abducted and restrained Brenda by confining her to her home. The revised indictment stated that he abducted and restrained her by confining her, without specifying the location of confinement. That location, however, is not legally essential to the offense of aggravated kidnapping.

> A person commits an offense [of aggravated kidnapping] if he intentionally or knowingly *abducts* another person with the intent to: (1) hold him for ransom or reward; (2) use him as a shield or hostage; (3) facilitate the commission of a felony or the flight after the attempt or commission of a felony; (4) inflict bodily injury on him or violate or abuse him sexually; (5) terrorize him or a third person; or (6) interfere with the performance of any governmental or political function.

Tex. Penal Code § 20.04 (emphasis added). Under the Texas Penal Code, abduction, which is legally essential to the offense of aggravated kidnapping, "means to *restrain* a person with intent to prevent his liberation by (A) secreting or holding him in a place where he is not likely to be found; or (B) using or threatening to use deadly force." *Id.* at § 20.01(2) (emphasis added). "'Restrain' means to restrict a person's movements without consent . . . by moving the person from one place to another or by *confining* the person." *Id.* at § 20.01(1) (emphasis added). While the Texas Penal Code requires abduction and restraint, it does not require that restraint by confinement take place in the victim's home or any other particular location. *Id.* at § 20.01. Consequently the text "to her home" was not legally essential to the offense of aggravated kidnapping, rendering it mere surplusage. The removal of this surplusage was, therefore, not an amendment for the purpose of article 28.10. *See Eastep*, 941 S.W.2d at 136. The trial court did not err in allowing the State to remove this text from the indictment. We overrule Appellant's first point of error.

6

**The Trial Court did not Err in Denying Appellant's Request for Additional Time**

In the alternative, Appellant argues that the trial court erroneously disregarded article 28.10(a) by denying his request for ten additional days to respond to the amended indictment. If the State amends the indictment prior to the day that trial commences, article 28.10(a) requires the court to allow the defendant up to ten additional days to respond to the amended indictment. Tex. Code Crim. Proc. art. 28.10. Appellant's argument fails because there was no amendment. As discussed above, "to her home" was surplusage, and article 28.10 does not does not apply when the State deletes surplusage. Accordingly, the trial court did not err in denying Appellant's request for a ten-day continuance. We overrule Appellant's second point of error.

## CONCLUSION

Having concluded that the trial court did not err, we affirm the judgments of conviction for aggravated kidnapping and aggravated assault.

_____

Cindy Olson Bourland, Justice

Before Justices Pemberton, Field, and Bourland

Affirmed

Filed: July 17, 2015

Do Not Publish

7